MISSISSIPPI RAILROAD COMMISSION *et al. v.* MOBILE & O. R. Co. *et al.*

(Division A.   Oct. 7, 1929.)

[123 So. 876.   No. 27479.]

*Rush H. Knox,* Attorney-General, *H. H. Elmore,* of Cleveland, and *F. J. Lotterhos,* of Jackson, for appellants.

*R. C. Beckett,* of St. Louis, Mo., for appellee.

*Gardner, Odom & Gardner,* of Greenwood, for appellee.

Cook, J., delivered the opinion of the court.

The appellees, the Mobile & Ohio Railroad Company and the Columbus & Greenville Railway Company, filed an original bill of complaint in the chancery court of Hinds county against the Mississippi Railroad Commission, seeking to enjoin and have canceled a certain order of the said commission. A temporary injunction was granted, and thereafter a demurrer to the bill of complaint was sustained. An amended bill was then filed, and upon the overruling of a demurrer thereto, an answer was filed, and upon the trial of the cause a final decree was entered in favor of appellees enjoining the commission from enforcing or attempting to enforce said order or publishing or giving certified copies thereof; and from the collection or imposition of penalties because of the breach of said order; and declaring the order to be null and void; and from this decree the Railroad Commission prosecuted this appeal.

The material facts involved in this cause as gleaned from the pleadings, and the uncontroverted proof in support thereof, are, in substance, as follows:

In August, 1912, after an investigation of the matter of rates for the transportation of gravel, the Railroad Commission entered an order establishing rates for the hauling of gravel on a mileage basis, which was denominated the Mississippi Mileage Scale of 1912. This mileage scale was accepted and approved by the appellees and other railroads of the state with the exception of the Illinois Central and Yazoo & Mississippi Valley Railroad Companies, which companies sued out an injunction against the enforcement of the scale and secured a compromise by virtue of which they were permitted to publish and establish a higher scale of rates than was fixed by the order of the commission. This mileage scale remained in force until after the railroads went under Federal control, and on February 13, 1918, the director general of railroads established a rate of forty cents per ton upon gravel from McCrary, a station on the Mobile & Ohio Railroad on the boundary line between Alabama and Mississippi, to Greenville and other points in Washington county, Miss.; this rate being the same as the Mississippi intrastate scale of 1912. Afterwards this rate was by proper orders of the director general and the commission increased to sixty cents per ton, and then to seventy-five cents per ton; this latter rate being afterwards reduced to sixty-eight cents because of a general reduction of ten per cent ordered by the commission.

The proof shows that the specific rate from McCrary to Greenville was first established under the following circumstances: Prior to the establishment of this specific rate, the interstate rate from Alabama to Greenville was much higher than the Mississippi intrastate rate from McCrary to Greenville. There were no gravel pits at McCrary, but a gravel contractor who contemplated opening pits near that point in Mississippi and Alabama applied to the railroads for definite information as to whether or not the regularly established rate of forty

cents delivered from McCrary to Greenville would apply to gravel from one or more pits which he proposed to develop in Alabama, and which would be loaded into cars placed on the railroad's side track at McCrary, which side track was located partly in Alabama and partly in Mississippi. In order to eliminate any doubt as to the applicable rate on gravel from this particular side track, the rate of forty cents per ton was published as a specific rate applicable from McCrary, Mississippi-Alabama, to points on the Columbus & Greenville Railway in Washington county, this rate being exactly the same as the regular Mississippi intrastate rate for that distance, the purpose and effect of the publication of this specific rate being to give this particular gravel pit the benefit of the Mississippi intrastate rate and to avoid the possible doubt as to whether the Mississippi intrastate rate or the interstate rate should apply. When this rate from McCrary was published, the situation was that the graded mileage scale as ordered by the commission in 1912 applied throughout the state of Mississippi, including McCrary, but the McCrary rate for this special reason was carried as a separate item in the freight tariff. In the subsequently published tariffs, this item, as increased or decreased by subsequent orders of the commission, was carried as a separate or specific item until 1925, at which time the railroad company undertook to cancel it.

In the meantime, on September 6, 1921, at a hearing to which all the railroads were parties, after a thorough investigation of gravel rates in Mississippi, the Railroad Commission entered an order effective October 1, 1921, prescribing a new mileage scale of rates on gravel "when consigned to Federal, state, county or municipal offices or their *bona-fide* agents for highway purposes." Subsequently the commission entered an order authorizing and requiring the appellees to establish and apply on gravel, for uses other than highway construction, the

same scale of rates as prescribed by the mileage scale of 1921, under which mileage scale the rate on gravel from McCrary, Miss., to Greenville, Miss., was one dollar and ten cents per ton; and the appellees, as well as other railroad companies in Mississippi, published and established the mileage scale of 1921 as their rates for hauling gravel within the state of Mississippi, with a few exceptions in which specific rates were published to meet some special existing circumstances. In the establishment and publication of this 1921 mileage scale, however, the specific rate of sixty-eight cents from McCrary to points in Washington county was continued; the uncontroverted testimony on this point being that the continued publication of this specific rate was due to oversight or inadvertence.

No gravel has ever been shipped from McCrary, and no gravel pits have been opened or developed at that point; and the proof is that the fact that this specific rate was still being carried in the published tariffs was not discovered until 1925, whereupon another tariff was published purporting to cancel the specific rate theretofore published. The Railroad Commission asserted that the appellees had no right to cancel this specific rate, and thereby raise the rate between the named points to the maximum allowed by the mileage scale of 1921, without the consent and authority of the commission. In April, 1926, thereafter, a hearing of the matter before the commission was had, and at that hearing the New Hope Gravel Company appeared and objected to the cancellation of the rate, contending that under and by virtue of an "Intermediate Clause" in the tariff of the appellees, the specific rate of sixty-eight cents was applicable from New Hope, a station on the Mobile & Ohio Railroad three and one-half miles west of McCrary. This "Intermediate Clause" is as follows: "From an intermediate point of origin on the Mobile & Ohio Railroad from which a

specific rate is not provided herein, but which is inter-mediate to points from which rates are herein specified, apply from the intermediate station the same rate as from the more distant point.''

At this hearing, the railroad companies introduced in evidence the commission's order fixing the mileage scale of 1921, which it had found and declared to be just and reasonable rates, and the order authorizing and requiring these appellees to establish and apply said scale to gravel for uses other than highway construction. They also introduced evidence showing that the sixty-eight-cent rate from McCrary had never been used, and that there were no gravel pits in operation or projected at McCrary, and asserted the claim that as a matter of right they were entitled to charge the same schedule or rate as was generally in use throughout the state of Mississippi by other railroads and which had been, after a thorough investigation by the commission, found to be reasonable. After the conclusion of this hearing, the commission entered the following order:

''Upon consideration of all the facts in the case, the Commission is of the opinion and finds that the rate of sixty-eight cents is and has been since its publication legally in effect from McCrary to Greenville and inter-mediate points on the Columbus and Greenville; and that the rate is properly applicable from New Hope. To permit the cancellation of this rate would result in auto-matically increasing the rate from New Hope. The New Hope shipper shows that if such increase is allowed he will be unable to meet competition from intermediate shippers in Tennessee—much farther distant than New Hope.

''The Commission is of the opinion and finds that permission to cancel this rate under existing conditions is not justified and permission is therefore denied.''

It was further shown by the evidence that many claims had been presented and suits threatened thereon against the appellees by shippers or consignees of gravel, claiming overcharges because of this finding of the commission refusing to permit the cancellation of the sixty-eight-cent rate from McCrary, and also declaring said rate applicable from New Hope and other points lying between McCrary and Greenville.

The bill of complaint filed by the appellees as finally amended sought an injunction against the enforcement of said order on the following grounds:

"(1) Because said order declares that the McCrary rate applies from New Hope and said order attempts to establish the McCrary rate as the rate from New Hope, whereas the McCrary rate does not and never did apply for movements of gravel from New Hope or any point other than McCrary.

"(2) Because said order finds that the McCrary rate of sixty-eight cents is and shall remain in force, whereas said rate was lawfully canceled on April 15, 1925, and again on June 4, 1925.

"(3) Because said order is an attempt to require and compel the Mobile & Ohio Railroad Company and the Columbus and Greenville Railroad Company to charge less than the regular Mississippi intrastate rates for gravel which have been found and established as reasonable rates by the Commission, as embodied in said Mileage Scale of 1921, in said proceeding known as Docket No. 5257, which proceeding is binding on the Commission and all parties thereto until a new investigation into the reasonableness of such rates shall be held, and the Commission, in its hearing of this case at the April, 1926, session, specially ruled that it would not inquire into the question of the reasonableness of the Mississippi gravel rates, and refused to allow any testimony on that point to be introduced, on the ground that said Mississippi

Mileage Scale of 1921 had been found and established as a reasonable scale of gravel rates and charges for movement within the state of Mississippi.

"(4) Because said order is an attempt on the part of the Railroad Commission arbitrarily and improperly to discriminate against these railroads by compelling them to charge less than said Railroad Commission permits other railroads in Mississippi to charge for similar service and without any evidence tending to justify such discrimination.

"(5) Because said order of the Commission is an attempt to compel complainants to restore and maintain in their tariffs a special rate from McCrary to Greenville and to establish and charge a special rate from New Hope to Greenville lower than the rates declared just and reasonable in the Mississippi Mileage Scale of 1921, and without any evidence showing any reason why a rate should be charged between those points lower than between other points.

"(6) Because said order is an attempt to establish and declare rates on shipments of gravel between New Hope and Greenville, retroactively, after the shipments have moved under the regular mileage scale rates, which action is clearly beyond the jurisdiction of said Railroad Commission.

"(7) Because said order, if allowed to stand and be enforced, will require these complainants to haul gravel between New Hope and Greenville under a rate which is unreasonably low and confiscatory and which would result in taking the property of your complainant without due process of law, and said order would deny to your complainants the equal protection of the law, in violation of the Constitution of the United States, and would result in undue preference and unfair discrimination in favor of New Hope, Mississippi, as compared with shipments of gravel in interstate commerce, thereby violating

the Commerce Clause of the Constitution of the United States, as well as the Fourteenth Amendment."

The bill further alleged that the said order, if allowed to stand and if enforced, would cause irreparable injury to appellees, because under the provisions of section 4836, Code of 1906, section 9204, Hemingway's 1927 Code, all findings of fact and orders of the commission duly certified must be received in all courts in civil cases as *prima-facie* evidence that such determination was right and proper; that such order is likely to mislead shippers and others into making contract for shipments of gravel from New Hope, Miss., based on said sixty-eight-cent rate, and is likely to cause claims for unfair discrimination and preference in favor of McCrary and New Hope, Miss., as compared with other movements of gravel under substantially the same conditions; and is further likely to cause a multiplicity of lawsuits where these railroads refused to accept or deliver shipments at said sixty-eight-cent rate, each said shipment being the basis of a possible lawsuit, for all of which the appellees had no remedy at law.

In the final decree entered after the hearing of the cause, the court found that the allegations of the bill of complaint were sustained by the evidence, in that the Mississippi Railroad Commission had, on the 6th day of September, 1921, made an order whereby it fixed and promulgated certain maximum rates to be charged by all railroads within the state of Mississippi for hauling sand and gravel within said state, and declared said rates to be fair and reasonable, and that said scale of rates, as prescribed by said order, was still in force, and said order had not been changed. The court further found that on the 9th day of June, 1926, the said commission made and entered an order whereby it declared that a special and substantially lower rate, previously published by the appellees, was then in effect between McCrary and Greenville, Miss., and intermediate points on

the Columbus & Greenville Railway, and that said special rate is applicable from New Hope, and that to permit the cancellation of said sixty-eight-cent rate would result in automatically increasing the rate from New Hope, and therefore denied the application of said railroads to cancel the said specific sixty-eight-cent rate. The court further found that there were no special circumstances justifying the requirement that the appellees charge less than the rates which were fixed and declared to be fair and reasonable by said order of 1921, and that the act of the Railroad Commission in denying permission to cancel said specific rate, previously published by appellees, and in declaring the said specific rate to be in force, notwithstanding its cancellation by appellees, as published in their tariffs, was arbitrary and unjustified, and if enforced would be an unfair discrimination against appellees as compared with other railroads within the state of Mississippi, and would result in denying to the appellees the equal protection of the laws; and further that the appellees have no adequate remedy at law. The decree permanently enjoined the said Railroad Commission from enforcing or attempting to enforce the said order, and against the collection or imposition of penalties by reason of said order, or by reason of anything relating or pertaining thereto, in the matter of freight rates in excess of said order and not above the maximum rates fixed by the order of said commission, dated September 6, 1921, and held the said order of June 9, 1926, to be null and void.

The appellant advances four major contentions in its argument for a reversal in this cause, but the conclusion we have reached on the first and third of these points necessarily disposes of the others, and we shall limit our discussion to the first and third contentions stated by counsel for the appellant, which are:

"1. The Mississippi Railroad Commission in making said order was exercising a legislative function, and the courts are without power to declare said order void except upon a showing that to allow the order to stand would be to leave in effect a confiscatory rate and thus deprive the railroads of their property without due process of law, or to deprive the carriers of some other constitutional right. And no claim is made by the railroads that such would be the effect of the order."

"3. Said order is negative in its nature and simply declares non-action on the part of the Commission, so that its only effect is to leave said rate situation as it was before the hearing before the Commission was had. The court of chancery is without jurisdiction to enjoin such a negative order."

It is well settled that an order of the Railroad Commission fixing rates is a legislative act which cannot be reviewed by the courts on appeal or *certiorari, Cumberland Telephone Co.* v. *Potter,* 135 Miss. 835, 100 So. 378, and this doctrine is not controverted by counsel. It is equally well settled, however, that the courts will enjoin the enforcement of an order of the commission fixing rates, if the rates are unreasonable in their operation against the carrier and confiscatory, or result in such discrimination as would deny to the carrier the equal protection of the laws; or, in other words, an order of the commission which is beyond the constitutional and statutory authority of that body, or which contravenes some constitutional limitation, may be enjoined. 10 C. J., pp. 414, 434, 435, 436; 4 R. C. L. 628, 629, 630; *Pennsylvania Co.* v. *United States,* 236 U. S. 351, 35 S. Ct. 370, 59 L. Ed. 616; *State* v. *L. & N. R. R. Co.,* 197 Ala. 203, 72 So. 494; *Southern Ry. Co.* v. *Alabama Public Service Commission,* 210 Ala. 105, 97 So. 289; *Atlantic Coast Line Railroad Co.* v. *Trammell* (D. C.), 287 F. 741; *State* v. *M., K, & T. Railway Co.,* 262 Mo. 507, 172 S. W. 35, L.

R. A. 1915C, 778, Ann. Cas. 1916E, 949; *Mississippi R. R. Comm.* v. *Mobile & Ohio R. R. Co.*, 244 U. S. 388, 37 S. Ct. 602, 61 L. Ed. 1216.

In its decree, the court below found that there were no special circumstances justifying the requirement that the appellees charge less than the rates which were fixed and declared to be just and reasonable by the general order of the Railroad Commission dated September 6, 1921, and no other conclusion could be reached from the evidence. Having so found, the court held that the act of the Railroad Commission in denying permission to cancel the special rate previously published, and in declaring that special rate to be in force, notwithstanding its attempted cancellation by the appellees, was arbitrary and unjustified, and that the enforcement of this special rate would be an unfair discrimination against them as compared with other railroads within the state of Mississippi, and would result in denying to the appellees the equal protection of the laws, and if the court below was correct in so holding, this decree must be affirmed.

The only special circumstance incident to the establishment and publication of this rate as a special item, as shown by the evidence, is the fact that it was published, not as a reduction of the mileage scale then in force throughout the state of Mississippi, but for the purpose of encouraging and promoting the opening and development of gravel pits near McCrary, Miss., but in the state of Alabama, and to insure the application of the Mississippi mileage scale to gravel mined in Alabama, but loaded in cars at, and shipped from, McCrary, Miss., to Greenville, Miss. Prior to the adoption of the mileage scale of 1921, the intrastate rate from McCrary to Greenville, Miss., was sixty-eight cents per ton, and this rate was published as a special item; and after the adoption of the order of September 6, 1921, establishing a new

mileage scale of rates on gravel, and at the time the new rates so authorized were adopted and published by the appellees, they had the right to publish and adopt a rate of one dollar and ten cents per ton on gravel shipped from McCrary to Greenville and other points in Washington county, but by oversight or inadvertence they failed and neglected to cancel this special rate or to publish a rate in accordance with said mileage scale of 1921, but, on the contrary, they continued to publish that rate as a special item until the oversight was discovered in 1925.

There was offered in evidence the order of the Railroad Commission establishing the Mississippi Mileage Scale of 1921, in which the commission, after a full investigation of the subject, found that the rates on gravel therein fixed were "fair and reasonable compensation." In this mileage scale, which was applicable to all railroads in the state, one dollar and ten cents per ton was fixed as fair and reasonable compensation for a haul of the distance involved between McCrary and Greenville, Miss. The effect of the order refusing appellees permission to cancel this special item which had been continued in their tariff by inadvertence or oversight, and to adopt and publish the rate fixed by the 1921 mileage scale, is to require these two railroads to continue to apply a rate which is forty-two cents per ton less than other railroads in the state are permitted to charge for a like service, when, as a matter of fact, there were no special circumstances justifying such difference or discrimination.

Section 186 of the Constitution of 1890 requires that the legislature shall pass laws to prevent abuse, unjust discrimination, and extortion in freight rates, while under the provisions of section 4842, Code 1906, section 9210, Hemingway's 1927 Code, the Railroad Commission has the power, and it is its duty, to prohibit improper discrimination in charges for the transportation

of passengers and freight, and necessarily, by reason of these constitutional and statutory provisions, the commission cannot pass an order the effect of which is to produce a plain discrimination in rates; and, in the absence of some special circumstances justifying a special and very much lower rate than that declared to be just and reasonable and prescribed by the commission for similar hauls of the same material in other places and on other railroads, it cannot by its order require a railroad to continue to apply a rate entailing a marked discrimination, and the enforcement of such a rate may be enjoined.

The appellees contend, however, that the order of the commission made on June 9, 1926, and hereinbefore quoted in full, is negative in its nature and effect, and that a court of chancery is without jurisdiction to enjoin such a negative order. The order in question affirmatively found that the sixty-eight-cent rate is, and has been since its publication, legally in effect from McCrary to Greenville and intermediate points on the Columbus & Greenville Railway, and that the rate is properly applicable from New Hope, and denied appellees the right to cancel the rate. The necessary effect of this order denying the carriers the right to cancel this special rate of sixty-eight cents per ton is to require them to continue to apply from McCrary and New Hope this discriminatory rate. These railroad companies, being common carriers, are bound to transport such freight as is offered to them, and the order in question in its effect has the elements of an affirmative order fixing a sixty-eight-cent rate from McCrary and New Hope, and does not come within that class of orders which the courts will refuse to enjoin for the reason that they are negative in their nature, or simply declare nonaction on the part of the commission.

We therefore are of the opinion that the decree of the court below enjoining the enforcement of this special rate,

and the collection or imposition of penalties because of a breach of said order of the commission, and declaring said order to be null and void, should be affirmed.

*Affirmed.*