CUMBERLAND TELEPHONE & TELEGRAPH Co. *v.* STATE *ex rel.*
POTTER, ATTY.-GEN.*

(Division A.   June 9, 1924.)

[100 So. 378.   No. 23875.]

CERTIORARI.   *Order of Railroad Commission fixing rates not reviewable on certiorari.*

Under Code 1906, sections 90, 91 (Hemingway's Code, sections 72, 73), writ of *certiorari* will not lie to review order of Railroad Commission fixing telephone rates; the determination of such rates being a legislative and not a judicial or *quasi*-judicial function.

*Headnote 1.   Certiorari, 11 C. J., section 70;   2.   Certiorari, 11 C. J., section 72 (1925 Anno).

APPEAL from circuit court of Hinds county, First District.

HON. W. H. POTTER, Judge.

*Certiorari* by the state, on the relation of Clayton D. Potter, attorney-general, against the Cumberland Telephone & Telegraph Company, to review order of state Railroad Commission fixing telephone rates. From judgment sustaining writ, and adjudging order void, and re-

fusing a *supersedeas* on appeal, the company appeals. Reversed and dismissed.

*George Butler* and *Alex P. Humphrey*, for appellant.

I.   *The action of the railroad commission being legislative and not judicial, no writ of certiorari should have been granted.* 11 C. J. 80; 5 R. C. L. 249; *Wulzen* v. *Board of Supervisors,* 101 Cal. 15, s. c. 40 A. S. R. 17, and note; *In Re Saline County Subscription,* 45 Mo 52, s. c. 100 A. D. 337; *Mayor* v. *Morgan,* 7 Martin (N. S.) 1, s. c. 18 A. D. 232; *Duggen* v. *Magruder,* Walker, 112, s. c. 12 A. D. 527; *Sinking Fund Cases,* 99 U. S. 700, 761; 5 R. C. L. 252; *Degiovanni* v. *Public Service Commission,* 45 Nev. 74, 197 Pac. 582; *Illinois Central Railroad.* v. *Mississippi Railroad Commission,* 116 Miss. 484, 77 So. 314; *Illinois Central. Railroad* v. *Dodd,* 105 Miss. 23, 61 So. 743; *Western Union* v. *Mississippi Railroad Commission,* 74 Miss. 80, 21 So. 15; *Mississippi Railroad Commission* v. *I. C. C.,* 203 U. S. 335; *Lawson* v. *Jeffries,* 47 Miss. 686; *Prentiss* v. *At. Coast Line R. Co.,* 211 U. S. 210; *L. & N. R. Co.* v. *Garrett,* 231 U. S. 298; *Board of Supervisors* v. *Melton,* 123 Miss. 624, 86 So. 369; *Gulf Co.* v. *Adams,* 85 Miss. 772, 38 So. 348; 11 C. J. 120; 5 R. C. L. 258.

II.   *The issuance of the writ of certiorari is not a matter of right. Duggen* v. *Magruder,* Walker, *supra;* 5 R. C. L. 254; *Barker* v. *Young* (Supreme Court of New Hampshire, Oct., 1922), 80 N. H. 447, 119 Atl. 330; *Greenville Fuel Co.* v. *City of Greenville* (Supreme Court of *Michigan,* March 13, 1911), 165 Mich. 135, 130 N. W. 333; *Southern Nat. Bank* v. *Wallace,* 63 Okla. 206, 164 Pac. 461; *Donovan* v. *Board of Police Commissioners,* (District Court of Appeal, First District, California, Dec. 27, 1916), 32 Cal. App. 392, 163 Pa. 69.

III.   *The order of December* 9, 1922, *was correct in substance and in manner and form. Wichita R. R.* v. *Pub. Ser. Com.,* 260 U. S. 48; 25 R. C. L. 1043, section 274; 2

R. C. L. 920, section 9; *Degiovanni* v. *Pub. Ser. Com.,* 197 Pac. 582.

*R. H. Knox,* Attorney-General, *H. V. Wall,* and *Clayton D. Potter,* for appellee.

I. *Will writ of certiorari lie from order of railroad commission fixing rates?* We are aware of the fact that not every order of the railroad commission is of such kind and character that it can be reviewed on writ of *certiorari.* But we contend that, in so far as our state laws are concerned, the orders of the Railroad Commission fixing rates to be charged by a public service corporation can be reviewed on *certiorari.* The provision of our constitution with reference to the establishment of courts, other than those expressly provided for in the constitution, is found in section 172 of the Constitution of 1890, and is as follows: ''The legislature shall from time to time establish such other inferior courts as may be necessary, and abolish same whenever deemed expedient.'' *Gulf Co.* v. *Adams,* 85 Miss. 772, 38 So. 348; *Illinois Central Railroad Co.* v. *Dodd,* 61 So. 743.

We, therefore, submit that it is clear that in at least some classes of cases under the provisions of section 91 of the Code of 1906, the circuit court has power to review by *certiorari* the findings of the Railroad Commission.

It is true that in the case of *Prentis* v. *Atlantic Coast Line Co.,* 53 L. Ed. 150, the supreme court of the United States held that in the exercise of its powers to establish rates, a railroad commission exercising such function is not contemplated by the provisions of U. S. Revised Statutes, section 720, U. S. Compiled Statutes, 1901, page 581, forbidding federal courts from enjoining proceedings in state courts. The supreme court of the United States held that to that extent, and in that sense, a railroad commission exercising the function of rate-making was

exercising a legislative rather than a judicial function, and did not come within the provisions of such statutes, We insist, however, that this function is of such semi-judicial nature as that *certiorari* will lie to review the findings of the Railroad Commission, where such findings are void on their face. We submit that there is no distinction between the case at bar and the case of the *Gulf Company* v. *Adams, supra*. In following that case, as well as all cases which provide for appeal from *ad valorem* assessments, the conclusion is irresistible that while exercising the function of rate-making, the Railroad Commission is a tribunal from which appeal by *certiorari* is provided under the provisions of sections 90 and 91 of the Code of 1906.

II. *Was the order of the Railroad Commission of December 9, 1922, valid?* We submit that the Railroad Commission is an inferior tribunal, and that under well-established principles of law all facts conferring jurisdiction thereon must affirmatively appear in its orders. It is well settled that ''the mere exercise of jurisdiction by courts of inferior, limited or special jurisdiction does not raise a a presumption of the requisite jurisdictional facts, for nothing is presumed to be within the jurisdiction of such courts; but one who relies upon a decision or order of such court, or who claims any right or benefit under its proceedings, must affirmatively show its jurisdiction in the premises by alleging and proving same.'' 15 C. J. 831; *Stockett* v. *Nicholson*, 1 Miss. 75; *Bolivar County* v. *Coleman*, 71 Miss. 832, 15 So. 107.

The jurisdictional facts must affirmatively appear to make valid the orders of courts of limited and special jurisdiction, such as the Railroad Commission. A reading of the order approving the rates filed by the Cumberland Telephone & Telegraph Company, fails to show, in the first place, that the Railroad Commission made the one finding of fact necessary to its jurisdiction, to-wit: that the rates permitted were only reasonable rates; second, the said order shows affirmatively that the Com-

mission did not deal with the one proper thing for it to deal with, but made the rates in consideration of the sum of thirty thousand dollars expenses incurred by the attorney-general in the rate suit, and the very effectiveness of the order itself was to depend on the payment of such sum of money. *Wichita Railroad & Light Co.* v. *Public Utilities Commission,* 67 L. Ed. 52. The precise question involved here was decided in the supreme court of Vermont in the case of *Bosette* v. *Godard,* 88 Atl. 1. It is hardly necessary to call the attention of the court to the fact that the state is not, and cannot be, estopped by the *ultra vires* acts of its officers and agents. *Bank of Commerce* v. *Gulfport,* 117 Miss. 591, 78 So. 519, and cases therein cited.

Holden, J., delivered the opinion of the court.

This is an appeal by the Cumberland Telephone & Telegraph Company from a judgment of the circuit court of Hinds county, sustaining a writ of *certiorari* to review an order of the state Railroad Commission fixing telephone rates for services in this state and adjudging said order of the commission to be null and void, and a refusal of *supersedeas* on this appeal. The case, in short, is as follows:

After a hearing on an application to the Railroad Commission by the telephone company to increase its schedule of rates to be charged for services in this state, the commission in December, 1922, adopted a schedule of fixed rates and charges for telephone service in this state, and the telephone company thereupon commenced to operate under the new schedule of rates, when the attorney-general, in May, 1923, instituted this suit by petition to the circuit judge for a writ of *certiorari* to review and annul the order of the Railroad Commission fixing the rates to be charged by the telephone company for services rendered to patrons in this state. The petition for *certiorari* alleged that the order of the Railroad Commission was

null and void upon its face for certain reasons, which we need not now set out. The writ was granted, and on a hearing thereof the circuit judge rendered a judgment declaring the order of the Railroad Commission null and void, and refused a *supersedeas* upon appeal.

One of the decisive questions on the appeal, and the only one with which we shall concern ourselves, is whether or not the writ of *certiorari* will lie to review an order of our state Railroad Commission fixing telephone rates to be charged by the appellant. It is urged by the appellant telephone company that *certiorari* will not lie to review an order of the commission fixing telephone rates to be charged, because the fixing of rates by that body is legislative in its character, or we may say is a legislative function, and is not reviewable by *certiorari;* that the order fixing the rates was not judicial, nor *quasi*-judicial, in its character, was not an adjudication of a controverted past or present fact presented for a judicial decision, but the fixing of the rate to be charged was for the future, and therefore legislative, because prospective in its application.

The attorney-general contends the writ of *certiorari* will lie because the order of the Railroad Commission is *quasi*-judicial in its character and relies upon the case of *Gulf Company* v. *Adams,* 85 Miss. 772, 38 So. 348, to sustain his position. We have given exhaustive consideration to the case before us, and have carefully reviewed all of the authorities cited by counsel on either side, and we have reached the conclusion the position taken by the appellant is well grounded, and that the writ of *certiorari* will not lie to review an order of the Railroad Commission fixing rates to be charged by the telephone company.

We think this view is sound, and may be rested upon the sole ground that the order of the Railroad Commission fixing the telephone rates was a legislative act pure and simple, and, under sections 90 and 91, Code of 1906 (sections 72 and 73, Hemingway's Code), no appeal, or *certiorari,* lies from the order of the commission while

exercising a legislative function. The authorities over-whelmingly support this view, and *Gulf Co.* v. *Adams, supra,* is not in conflict therewith. *I. C. R. Co.* v. *Dodd,* 105 Miss. 23, 61 So. 743, 49 L. R. A. (N. S.) 565; *Boards* v. *Melton,* 123 Miss. 615, 86 So. 369; 5 R. C. L. 252; *Wulzen* v. *Board,* 101 Cal. 15, 35 Pac. 353, 40 Am. St. Rep. 17, note pages 29, 34 and 36; *Degiovanni* v. *Public Service Commission,* 45 Nev. 74, 197 Pac. 582; 4 R. C. L. 608; *Prentis* v. *Atlantic Coast Line R. Co.,* 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 151; *L. & N. R. Co.* v. *Garrett,* 231 U. S. 298, 34 Sup. Ct. 48, 58 L. Ed. 229.

We do not feel able to add anything to the discussion of the question by counsel of whether the order of the Railroad Commission in this case was judicial or legisla-tive, and will only say that it seems clear to us it was a legislative act, applicable only to the future—was not a judicial decision of a present or past fact in controversy and demanding adjudication. In the *Gulf Co.* v. *Adams case,* it would appear at first sight that the court allowed the writ of *certiorari* to review the order of the Railroad Commission fixing a rate for privilege taxation, and in that way similar to the case before us, but on a careful review of the Gulf Company case it will be observed the commission was there adjudicating a present or past fact, in that it decided the classification of the railroad for privilege taxes. There was a dispute and a judgment there; an administrative or legislative order here. The board did not undertake to fix any rates of taxation, but merely determined the class of the railroad for privilege taxation, which taxation was fixed upon that class by the legislature, and not the commission. This was the exer-cise of a *quasi*-judicial jurisdiction.

It will be noticed in that opinion the court considered the order of the commission as an adjudication of a ju-dicial question in controversy, and not as an effort to fix rates for future application. Therefore the Gulf Co. case, in our judgment, does not sustain the position of the attorney-general, and is not in conflict with the views

that we have expressed hereinbefore. As pointed out above, we are not concerned here with the validity of the order of the Railroad Commission fixing the rates. The rates may be unreasonable and the order void upon its face, but this is a question to be dealt with by the Railroad Commission and not by this court now.

The judgment of the lower court is reversed, and the suit dismissed.

*Reversed and dismissed.*