MABRAY *v.* SCHOOL BOARD OF CARROLL COUNTY.

(Division B. Oct. 26, 1931.)

[137 So. 105. No. 29465.]

**E. V. Hughston** and **Gardner, Odom & Gardner,** all of Greenwood, for appellant.

**T. O. Yewell,** of Carrollton, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of the First judicial district of Carroll county, dismissing a petition for, and quashing a writ of, certiorari to the school board of that county, whereby the appellant sought to have the court review the proceedings of the school board, acting under chapter 163 of the Code of 1930 (section 6537 et seq.), in annexing the Pine Ridge school district to the Jefferson consolidated school district. The court held that the orders and resolutions of the school board were administrative and legislative in character, and not judicial, and therefore not subject to review on certiorari, and dismissed the petition. From that judgment, appellant prosecutes this appeal.

We agree with the view of the trial court, and therefore it is unnecessary to consider and decide any of the other questions presented and argued. For the purposes of this decision, we treat (without so deciding), as contended by appellant, the acts and proceedings of the school board in annexing the Pine Ridge school district to the Jefferson consolidated school district as void.

Appellant concedes that administrative orders and acts of inferior boards and tribunals of a legislative character cannot be removed to, and re-examined by, the circuit court on writ of certiorari, but only such as are of a judicial or quasi-judicial nature. But appellant contends that the orders and resolutions of the school board complained of are not administrative or legislative in their character, but are judicial or quasi-judicial, and therefore subject to review on certiorari. Cumberland T. & T. Co. v. State, 135 Miss. 835, 100 So. 378; Board

of Sup'rs of Forrest County v. Melton, 123 Miss. 615, 86 So. 369; and Board of Sup'rs of Marshall County v. Stephenson (Miss.), 130 So. 684, are decisive of this question against appellant's contention.

Chapter 163 of the Code of 1930, the chapter on common schools, which includes the organization and establishment of consolidated schools, is a complete scheme of legislation within itself. And the fact that the power is lodged in the county school boards to put the legislative scheme into effect does not confer on such boards, in doing so, judicial or quasi-judicial power. Such power is purely administrative and legislative in character.

A judicial act determines what the law is, and what the rights of the parties are, with reference to transactions already had, while a legislative act prescribes what the law shall be in future cases arising under it. The court decides what the law is upon existing cases, while the Legislature makes the law so applied. Every act, not clearly executive or clearly judicial, is legislative or administrative. 2 Bouv. Law Dict., page 1918; Union Pac. R. R. Co. v. U. S., 99 U. S. 761, 25 L. Ed. 496; Merrill v. Sherburne, 1 N. H. 204, 8 Am. Dec. 52, 31 Am. Law Reg. (N. S.) 438.

In the Cumberland Tel. Co. Case, supra, it was sought to have the court review the action of the Railroad Commission in fixing telephone rates. The court held that such action was legislative, and not judicial or quasijudicial, and therefore not reviewable on certiorari. In Board of Sup'rs of Forrest County v. Melton, supra, it was sought to have the court review on certiorari the action of the state live stock sanitary board and certain counties in south Mississippi, in seeking to eradicate the cattle tick. The court held that the action of the sanitary board and the counties in putting the tick eradication statute into effect and operation was administrative and legislative in character, and not judicial or quasi-

judicial, and therefore not reviewable on certiorari. And Board of Sup'rs of Marshall County v. Stephenson, supra, is still nearer to this case on its facts than either of the above cases. There it was sought to have the court review on certiorari the action of the county school board in organizing a consolidated school district. The court held that the orders and resolutions of the county school board in organizing the school were legislative rather than judicial in their character, and not reviewable on certiorari.

Appellant argues that Gulf & S. I. R. Co. v. Adams, 85 Miss. 772, 38 So. 348, and Power, Secretary of State, v. Robertson, 130 Miss. 188, 93 So. 769, sustain his contention. In the Adams Case, it was sought to have the action of the Railroad Commission in classifying the railroads of the state for the purpose of taxation (privilege taxes) reviewed by certiorari. The court held that such action by the Railroad Commission was judicial, and therefore subject to review in that manner. It seems manifest that that character of authority is judicial and not legislative. And the same is true of the action of the secretary of state, involved in the Power Case. The court held in that case that the action of the secretary of state in passing on the sufficiency and legality of the petition was the exercise of a quasi-judicial power, and was reviewable on certiorari.

Affirmed.