362 So.2d 180 (1978)
CHARTER MEDICAL CORPORATION, d/b/a Gulf Coast Community Hospital
v.
MISSISSIPPI HEALTH PLANNING AND DEVELOPMENT AGENCY, State Health Coordinating Council, and J. Marshall Lusk, Jr.
No. 50412.
Supreme Court of Mississippi.
July 26, 1978.
Rehearing Denied September 20, 1978.
Denton & Persons, James B. Persons, Biloxi, Robert W. Miller, Atlanta, for appellant.
A.F. Summer, Atty. Gen., by R. Hugo Newcomb, Sr., Asst. Atty. Gen. and Fay N. Pascoe, Special Asst. Atty. Gen., Jackson, for appellees.
Before PATTERSON, C.J., LEE and BOWLING, JJ., and GORDON, Commissioner.
*181 REX GORDON, Commissioner for the Court:[1]
Charter Medical Corporation, d/b/a Gulf Coast Community Hospital, filed suit in the Chancery Court of Hinds County against Mississippi Health Planning and Development Agency, State Health Coordinating Council, and J. Marshall Lusk, Jr., seeking a mandatory injunction for the purpose of requiring them to issue a certificate of need in order to enable Charter Medical Corporation to obtain a "CAT Scanner." The lower court sustained a demurrer to the bill of complaint, Charter Medical Corporation declined to plead further, a final order of dismissal was entered, and Charter Medical Corporation appeals to this Court.
The bill of complaint alleged that appellant operates a hospital situated in Biloxi and that the appellees, Mississippi Health Planning and Development Agency and the State Health Coordinating Council are agencies of the State of Mississippi and that appellee, J. Marshall Lusk, Jr., was the designated Hearing Officer to review actions of the State Health Coordinating Council. These agencies were created by executive order pursuant to an agreement entered into between the Governor and the Secretary of the U.S. Department of Health, Education and Welfare as authorized by 42 U.S.C., § 1320a-1 (1970). Their function was to determine the need and use of federal funds for capital expenditures. It was further alleged that the appellant desired to install a computerized axial tomography body scanner ("CAT Scanner") at a cost of approximately $600,000.00, and that the denial of a certificate of need to appellant as determined by said agencies and the Hearing Officer was arbitrary, capricious and unreasonable and was not supported by the evidence presented at the hearings.
The appellees contend that, since federal funds are involved, the State Court has no jurisdiction to determine if, in fact, there is such a need for a "CAT Scanner" and that the Federal Court has exclusive jurisdiction. There is no provision under either the federal statutes or the executive order for appeals and the sole question presented is whether or not the lower court had jurisdiction.
There is authority to sustain appellees' position in denying jurisdiction that any ruling of the State Court would not be binding on the Secretary of Health, Education and Welfare of the United States. Palmetto General Hospital, Inc. v. State Department of Health and Rehabilitative Services, 333 So.2d 531 (Fla. Dist. Ct. App. 1976). Jurisdiction was upheld by a Federal District Court involving a somewhat similar factual situation in which it was held that the controversy involved the construction of a federal statute and regulations and hence there was federal involvement. Lakeside Mercy Hospital v. Indiana State Board of Health, 421 F. Supp. 193 (N.D.Ind. 1976).
However, it is not necessary to look for authority in other jurisdictions since this Court has heretofore passed on the question of whether or not a mandatory injunction will lie in chancery court for review of an agency where there is no statutory scheme for appeal from the acts of the agency and there is no full, plain, adequate and complete remedy at law. Justice Ethridge speaking for the Court in Board of Veterinary Examiners v. Sistrunk, 218 Miss. 342, 67 So.2d 378 (1953), held that a bill in chancery was the proper remedy to obtain judicial review from an order of the board denying application for a license in which there was no statutory method of appeal and no plain, adequate and complete remedy at law, and stated the rule to be:
However, in the instant case appellee-complainant has no adequate remedy at law. The statutes regulating the practice of veterinary medicine, surgery, and dentistry, Miss. Laws 1946, Ch. 371, Miss.Code 1942, Secs. 8914-01 to 8914-13, have no statutory provision for judicial review of the actions of the board in exercising its licensing powers. In this respect it is *182 similar to a number of other state agencies. An appeal by certiorari would not be adequate, since it is limited to a review of the legal sufficiency of the application and order refusing the license. An appeal by a petition for mandamus would not be sufficient, because the court could not review whether the board's action is supported by substantial evidence, but could only direct the board to act in some manner, either by granting or denying the license. Hence a bill in chancery for a mandatory injunction is the only possible method by which appellee could obtain judicial review of the board's order to ascertain whether it is supported by substantial evidence, or is arbitrary, capricious, and unlawful.
See, also, Watkins v. Mississippi State Board of Pharmacy, 170 Miss. 26, 154 So. 277 (1934).
There is no conflict of jurisdiction between the State and Federal Courts here. The decision of the State Court will not be binding upon the Secretary of the United States Department of Health, Education and Welfare. Such would be a proper question within the jurisdiction of the Federal Court. However, this does not mean that judicial review is denied to parties claiming to be injured by acts of agencies and boards created and existing in this State. Where there is no provision for appeal and injured parties do not have a full, plain, complete and adequate remedy at law, the chancery court has jurisdiction for judicial review of the actions of such board or agency.
The bill of complaint contained allegations which, if true, entitled the appellant to relief. The rule is so well established in this State that a demurrer admits all material facts well pleaded in the bill that there is no need of citation for this authority. Therefore, this cause is reversed and remanded to the lower court for trial on its merits.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.