## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CA-00096-SCT

*TRAVIS L. PRISOCK, SR.*

*v.*

*DR. FRED PERKINS, AS SUPERINTENDENT OF LOUISVILLE MUNICIPAL SCHOOL DISTRICT; LOUISVILLE MUNICIPAL SCHOOL DISTRICT; KENNY JOE HANNA, BRENDA MOORE, CHARLES S. McCULLY, RON STROUD AND CHARLES HOLMES, AS MEMBERS OF THE BOARD OF TRUSTEES OF THE LOUISVILLE MUNICIPAL SCHOOL DISTRICT; AND TAYLOR TUCKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/22/1997 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES C. MAYO |
| ATTORNEYS FOR APPELLEES: | PAUL M. NEVILLE |
| | DAVID T. WILSON, JR. |
| | TAYLOR TUCKER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 4/22/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/13/99 |

### EN BANC.

### SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:

¶1. On December 31, 1998, we issued an opinion in this case. The original opinion is withdrawn sua sponte, and this opinion substituted therefor.

### STATEMENT OF THE CASE

¶2. On October 6, 1997, the Board of Trustees of the Louisville Municipal School District accepted Taylor Tucker's bid on a five year Hunting and Fishing Lease for 480 acres located in Section 16, Township 16 North, Range 14 East in Winston County, Mississippi.

¶3. On November 10, 1997, Travis L. Prisock, Sr., filed a Complaint in the Circuit Court of Winston County seeking to reverse the school board's decision awarding the hunting and fishing lease to Tucker. This complaint was followed by an Amended Complaint filed on November 14, 1997. These complaints sought damages against the Louisville School District, damages against Dr. Fred Perkins, individually and as

Superintendent, an injunction vacating the lease to Tucker and mandating the school execute a lease to Prisock, and alternatively, for an appeal to the circuit court. On November 13, 1997, Prisock dismissed his claim for damages against Perkins.

¶4. On December 10 and 11, 1997, the defendants responded with a Motion to Dismiss for lack of subject matter jurisdiction claiming Prisock's appeal had not been properly taken pursuant to Miss. Code Ann. § 11-51-75 (1972). On December 22, 1997, the circuit court granted the defendant's Motion to Dismiss on the basis that Prisock failed to file a bill of exceptions as required by law. The court's Order Sustaining Defendant's Motion to Dismiss was entered on December 24, 1997.

¶5. Prior to the entry of the Order, on December 23, 1997, Prisock filed an Amended Pleading with a request for a bill of exceptions. On January 21, 1998, Prisock filed a Motion to Amend And For Hearing On Motion and Motion to Reconsider. On January 21, 1998, Prisock filed his Notice of Appeal to this Court.

## STATEMENT OF THE FACTS

¶6. On February 11, 1992, Louisville Municipal School District delivered to Travis L. Prisock, Sr., a five year Hunting and Fishing Lease for 480 acres located in Section 16, Township 16 North, Range 14 East in Winston County, Mississippi. In consideration of the lease, Prisock agreed to pay an annual rent of $2,942.20 ($6.13 per acre). The parties' agreement provided the lease would expire February 10, 1997.

¶7. In an effort to renew the lease, Prisock submitted a bid of $3.15 per acre in April 1997. On April 23, 1997, the school board voted to reject the bid as too low. In a letter dated April 24, 1997, Perkins, on behalf of the school board, advised Prisock that his bid had been rejected, the lease would be re-advertised, and the land was now closed.

¶8. On September 8, 1997, Perkins wrote Prisock a second letter advising him as follows:

This letter is in response to your telephone call today concerning a hunting and fishing lease.

Section 29-3-41 of the Mississippi Code of 1972, as amended, states the following concerning the rights of the leaseholder and the board of education:

*Provided that **the existing holder** of said rights, if he shall have made an offer, shall have the final right to extend his lease at an annual rental equal to the said highest offer.*

*If no bid acceptable to the board of education is received after said advertisement, the board of education may, within ninety (90) days, lease same by private contract for an amount greater than the highest bid previously rejected.*

(emphasis added).

¶9. Perkins's letter misquoted the law. Section 29-3-41 was amended in 1993 to read in relevant part:

Provided that if the Board of Education receives an acceptable bid, **the most recent holder** of said hunting and fishing rights if it shall have made an offer, shall have the final right to extend its lease for the term advertised at the annual rental equal to said highest offer received by the Board of Education.

Miss. Code Ann. § 29-3-41 (Supp. 1998) (emphasis added).

¶10. In September, 1997, Prisock and Tucker submitted timely bids for the hunting and fishing lease. Tucker's bid was $7.50 per acre or $18,000 for a five year period. Prisock's bid was $5.15 per acre or $12,360 for a five year period. At its regular meeting on September 9, 1997, the board reviewed both bids and instructed board attorney David T. Wilson, Jr. to contact the Secretary of State's Office "concerning a matching bid of the most recent leaseholder" before a lease would be issued. The next regular meeting of the board was scheduled for October 15, 1997.

¶11. In a special meeting on October 6, 1997, the board found that Prisock's first and second bids "were not bona fide, good faith, bids for consideration but were technical bids intended to preserve the leaseholder's prior rights." The board reasoned that Prisock's first bid of $3.15 per acre was approximately half of the payment for the prior lease, and the second bid of $5.15 was still less than the prior lease amount of $6.13 per acre. The board then voted to accept Tucker's bid. On October 6,1997, the board executed a Hunting and Fishing Lease Contract in favor of Tucker.

¶12. On October 31, 1997, Prisock tendered to the school district a check in the amount of $3,600 to match Tucker's bid for one year of the lease. On November 3, 1997, the school district returned Prisock's check.

¶13. On November 10, 1997, Prisock filed his claim for relief in the Circuit Court of Winston County. The circuit court dismissed Prisock's appeal stating it had not been properly perfected; and therefore, the court lacked jurisdiction to hear the matter. From this final judgment dated December 24, 1997, Prisock now appeals to this Court raising the following issues for this Court's consideration:

I WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE MOTION TO DISMISS?

II WHETHER THE TRIAL COURT ERRED IN DENYING JURISDICTION AND REFUSING TO HEAR AND ADJUDICATE THE ISSUES?

III WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW PLAINTIFF/APPELLANT TO AMEND?

IV WHETHER THE TRIAL COURT ERRED IN NOT GRANTING A SUBSEQUENT HEARING ON MOTION TO AMEND AND TO RECONSIDER?

## LEGAL ANALYSIS

¶14. Prisock claims that because he was "the most recent holder" of the hunting and fishing rights of a Sixteenth Section lease, the school district failed to comply with Miss. Code Ann. § 29-3-41 (Supp. 1998) by rejecting his matching bid. Prisock complains the school board met specially on October 6, 1997 (not at the regular meeting of October 15, 1997) and awarded the lease to Tucker without giving Prisock proper notice or furnishing him with the response from the Secretary of State's Office. Prisock also argues he was deprived of tendering a bill of exceptions and/or appeal because of the "secret" special meeting of October 6, 1997, and all subsequent efforts to obtain execution of a tendered bill of exceptions were refused by the Louisville Municipal School District and the trial court.

¶15. Prisock claims he is entitled to appeal the school board's order pursuant to Miss. Code Ann. § 11-51-

75 (1972) which provides:

> *Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities*. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. . . .

(emphasis added).

¶16. The board argues Miss. Code Ann. 11-51-75 is not applicable to a school board's decision granting or denying the issuance of a Sixteenth Section land hunting and fishing lease. According to the board, this section simply governs appeals taken from judgments or decisions of the board of supervisors or municipal authorities of a city, town or village, not decisions of school boards. The board further argues that because there is no other statutory provision expressly providing Prisock with a basis for appeal to the circuit court, this appeal should be dismissed for lack of subject matter jurisdiction.

¶17. Miss. Code Ann. § 11-51-75 describes the manner in which appeals are taken from judgments or decisions of the board of supervisors or municipal authorities of a city, town, or village. The statute, by its plain language, does not apply to appeals from school board decisions. Furthermore, the Legislature has not otherwise provided for either a general judicial review of school board decisions or a specific review of hunting and fishing leases.

¶18. *In Charter Medical Corp. v. Mississippi Health Planning & Dev. Agency*, 362 So. 2d 180, 181 (Miss. 1978), we stated that where there is no statutory scheme for appeal from a decision of a state board or agency and the injured party does not have a full, plain, complete and adequate remedy at law, the chancery court has jurisdiction for judicial review of the board or agency decision. Here there is no statutory scheme for appealing the school board's decision awarding a hunting and fishing lease, and Prisock lacks a complete and adequate remedy at law. Therefore, the chancery court would have jurisdiction of an original action for injunction to judicially review the school board's decision. Accordingly, we will not reach the additional issues raised by this appeal. Instead, we reverse and remand this case to the Winston County Circuit Court with instructions to transfer the case to the Winston County Chancery Court pursuant to Miss. Const. art. 6, § 157.

¶19. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR. COBB, J., NOT PARTICIPATING.**