# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CP-00208-SCT

*TAYLOR TUCKER*

*v.*

*TRAVIS L. PRISOCK, SR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/03/2000 |
| TRIAL JUDGE: | HON. WOODROW WILSON BRAND, JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | JAMES C. MAYO |
| | DAVID T. WILSON, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND RENDERED IN PART- 03/08/2001 |
| MOTION FOR REHEARING FILED: | 3/23/2001; denied 8/9/2001 |
| MANDATE ISSUED: | 8/16/2001 |

**BEFORE McRAE, P.J., WALLER AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This Court has previously reviewed this case, and the underlying facts are found in the prior opinion, *Prisock v. Perkins*, 735 So.2d 440 (Miss. 1999). The Board of Trustees of the Louisville Municipal School District granted a hunting and fishing lease on certain sixteenth section lands to Taylor Tucker rather than the most recent leaseholder, Travis L. Prisock, Sr. *Id.* at 440. Prisock brought suit in the Winston County Circuit Court seeking to reverse that decision, but the circuit court dismissed Prisock's claim for failure to file a bill of exceptions as required by law. *Id.* at 442.

¶2. On appeal, this Court reversed and remanded the case to the Winston County Chancery Court which on remand reversed the Board's decision and set aside Tucker's lease. However, the chancellor denied Prisock's request for an injunction mandating the Board to grant the lease to him. Thus the Board was left with the option of either granting the lease to Prisock or re-advertising with recognition of Prisock's statutory preference as the most recent leaseholder.

¶3. Aggrieved at the loss of the lease, Tucker appeals on the following issue:

**1. THE TRIAL COURT ERRED IN REVERSING THE DECISION OF THE SCHOOL BOARD OF THE LOUISVILLE MUNICIPAL SCHOOL DISTRICT TO AWARD THE HUNTING AND FISHING LEASE TO TAYLOR TUCKER.**

¶4. Prisock, aggrieved because he was not granted the lease outright, cross-appeals, raising the following issue:

**2. THE TRIAL COURT ERRED IN DENYING PRISOCK'S REQUEST FOR AN INJUNCTION MANDATING THE LOUISVILLE MUNICIPAL SCHOOL DISTRICT GRANT THE HUNTING AND FISHING LEASE TO HIM.**

¶5. We affirm the chancery court's setting aside of the lease to Tucker and reverse and render on the cross appeal, finding that the plain language of Miss. Code Ann. § 29-3-41 (2000) requires that Prisock be granted the hunting and fishing lease.

## STATEMENT OF FACTS

¶6. The facts of this case are not disputed. In February of 1992, the Louisville Municipal School District leased the hunting and fishing rights on its sixteenth section land to Prisock. *Prisock*, 735 So.2d at 441. That lease expired in 1997, and the Board advertised the lease for bid. *Id.* Initially, Prisock was the sole bidder and the Board rejected his bid, which was about one-half the amount of his 1992-97 rent, as being too low. *Id.* The Board then re-advertised the lease and received two bids -- one from Taylor Tucker, and an increased bid from Prisock, which was still lower than his 1992-97 rent. *Id.*

¶7. Tucker's bid was higher, but Prisock tendered a check to the Board equal to the amount of Tucker's bid, claiming his rights as "the most recent holder" pursuant to Miss. Code Ann. § 29-3-41 (2000). This statute gives the most recent holder of hunting and fishing rights on sixteenth section land the final right to extend his rights by matching the highest bid. *Id.* at 442. However, the Board, meeting in special session, concluded that Prisock's two bids "were not *bona fide*, good faith bids but were technical bids intended to preserve the leaseholder's prior rights" and granted the lease to Tucker. *Id.* at 441.

¶8. Prisock initially filed his claim for relief in the Winston County Circuit Court, which ultimately granted the Board's Motion to Dismiss, stating that because Prisock had not properly perfected his appeal, the court lacked jurisdiction to hear the matter. *Id.* at 442. Prisock appealed to this Court which reversed, finding that there is no statutory provision for "either general judicial review of school board decisions or a specific review of hunting and fishing leases" and thus the chancery court would have jurisdiction for judicial review of the board decision. *Id.* at 443 (citing *Charter Med. Corp. v. Mississippi Health Planning & Dev. Agency*, 362 So. 2d 180, 181 (Miss 1978)). The case was remanded to the Winston County Chancery Court. *Id.*

¶9. On remand, the chancery court reversed the decision of the Board, finding that the Board had circumvented the legislative intent that the most recent holder of 16th Section hunting and fishing rights would have a statutory preference. The chancery court set aside and held for naught the lease to Tucker, but denied Prisock's request for an injunction mandating that the school district grant him the hunting and fishing rights. The final judgment stated that the school district "may re-advertise according to law for bids

on this 16th section Hunting Land recognizing that Travis L. Prisock, Sr. is hereby adjudicated statutory preference as the most recent leaseholder."

## STANDARD OF REVIEW

¶10. This Court applies a limited standard of review on appeals from chancery court. ***Reddell v. Reddell***, 696 So.2d 287, 288 (Miss. 1997). It should not interfere with the chancellor's findings of fact unless they were "manifestly wrong, clearly erroneous or an erroneous legal standard was applied." ***Bell v. Parker***, 563 So.2d 594, 596-97 (Miss. 1990). However, the chancery court's interpretation and application of the law is reviewed under a de novo standard. ***In re Carney***, 758 So.2d 1017, 1019 (Miss. 2000).

## ANALYSIS

### 1. DID THE TRIAL COURT ERR IN REVERSING THE DECISION OF THE BOARD TO AWARD THE HUNTING AND FISHING LEASE TO TAYLOR TUCKER?

¶11. The chancery court, in its role as appellate court, is limited in cases such as this to a review of the record made before the administrative agency, in this case the Board of Trustees, for the purpose of determining from such record whether the action of the Board was (1) supported by substantial evidence; (2) arbitrary or capricious; (3) beyond the agency's scope or powers; or (4) in violation of some constitutional or statutory rights of the complaining party. ***Board of Trustees v. Acker***, 326 So.2d 799, 801 (Miss. 1976). This Court defines substantial evidence as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion" or to put it simply, more than a "mere scintilla" of evidence. ***Johnson v. Ferguson***, 435 So.2d 1191, 1195 (Miss. 1983). Generally, the scope of review exercised by the Supreme Court and the circuit court of an administrative agency's order is limited to the findings of the agency. ***Mississippi Employment Sec. Comm'n v. Pulphus***, 538 So.2d 770, 772 (Miss. 1989).

¶12. The Board's minutes reflect that it based its decision to reject Prisock's bids on its finding that the bids "were not bona fide, good faith bids" but were "technical bids intended to preserve [Prisock's] prior rights". In making that decision, the Board apparently relied upon language found in an Attorney General's Opinion requested by the Secretary of State's senior public lands attorney[1] with regard to an interpretation of Section 29-3-41 prior to the amendment which became effective July 1, 1993.[2] This language was not included in the 1993 legislative amendment, which clearly provided stronger protection for the "the most recent holder" of the hunting and fishing rights on sixteenth section land. The amendment placed no restriction, limitation or requirements on the most recent holder, leaving in place the prior language that, "if it shall have made an offer, [the most recent holder] shall have the final right to extend its lease for the term advertised at the annual rental equal to said highest offer received by the Board of Education." (emphasis added).

¶13. It is undisputed that the Board found Tucker's bid to be acceptable, as it awarded him the lease. That first statutory requirement (receiving an acceptable bid) having been met, the plain language of the statute would require the Board to allow Prisock the right to extend his lease when he tendered the annual rental of $3,600, equal to Tucker's bid.

¶14. The chancery court properly confined its review on appeal to the record of the Board's actions as shown by the Board's minutes and exhibits which included, inter alia, the lease contracts, bids, letters to and

from the Board , and copy of check for $3,600 tendered by Prisock. The determination of what constituted the record to be considered by the chancellor on appeal was made following a hearing on Prisock's Motion to Designate Record, at which counsel for both parties presented argument and approved the chancellor's order specifying what exhibits should be a part of the record.

¶15. The chancellor, after reviewing the record, found that the Board's actions in rejecting Prisock's bid were not "in statutory compliance nor supported by substantial evidence." He then ordered that Tucker's lease would be set aside. We find no error in the chancery court's ruling against the Board.

### 2. THE TRIAL COURT ERRED IN DENYING PRISOCK'S REQUEST FOR AN INJUNCTION MANDATING THE LOUISVILLE MUNICIPAL SCHOOL DISTRICT GRANT THE HUNTING AND FISHING LEASE TO HIM.

¶16. Prisock cross-appealed on the theory that the Chancery Court erred by not compelling the Board to grant the hunting and fishing license to him. The chancellor's order stated that the school district "may re-advertise according to law for bids" on this 16th section hunting land but must do so "recognizing that Travis L. Prisock, Sr.... is hereby adjudicated statutory preference as the most recent leaseholder." Implicit in the order was the option for the Board to award the lease to Prisock.

¶17. The chancellor's decision rested on his interpretation of § 29-3-41, and thus we review de novo. The statute clearly states in pertinent part:

> [I]f the Board of Education receives **an acceptable bid**, the most recent holder of said hunting and fishing rights if it shall have made an offer, **shall have the final right to extend its lease for the term advertised** at the annual rental equal to said highest offer received by the Board of Education.

Miss. Code Ann. § 29-3-41 (1999)(emphasis added).

¶18. The record clearly reflects that the Board found Tucker's bid to be acceptable, thereby triggering Prisock's unconditional statutory right to match the bid. We find that the chancery court erred in denying Prisock's request for injunctive relief. The Board does not have the discretion to re-advertise merely because it dislikes or disapproves of the most recent leaseholder.[3] Because the statute grants Prisock "the final right to extend [his] lease for the term advertised," we find that Prisock should be granted a five year lease, effective immediately.

## CONCLUSION

¶19. For the foregoing reasons, we (1) affirm the chancery court's decision to set aside the lease to Taylor Tucker, (2) reverse its denial of Prisock's request for injunctive relief and (3) render judgment here directing the Board of Trustees of the Louisville Municipal School District to immediately grant Travis L. Prisock, Sr. a five-year lease of the hunting and fishing rights to the subject sixteenth section land with rent of $3,600 annually.

¶20. **ON DIRECT APPEAL: AFFIRMED; ON CROSS APPEAL: REVERSED AND RENDERED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR.**

1. Miss. Att'y. Gen. Op. #93-0042 (March 25,1993), which states in relevant part:

> It is the opinion of this office that...the present leaseholder will retain the right to meet the highest bid received....However, this rule will not apply unless the school board finds on its minutes as a matter of fact that the holder of the present lease did submit a bid at both the first and second bid openings, and that both of said bids were bona fide, good faith offers for a valuable consideration...and not merely technical bids intended only to preserve the lease holder's prior rights.

2. Previously, the relevant portion of § 29-3-41 read:

> Provided that the existing holder of said rights, if he shall have made an offer, shall have the final right to extend his lease at an annual rental equal to said highest offer.

The language amended in 1993 reads:

> Provided that if the Board of Education receives an acceptable bid, the most recent holder of said rights if it shall have made an offer, shall have the final right to extend its lease for the term advertised at the annual rental equal to said highest offer received by the Board of Education.

3. The Hunting and Fishing Lease Contract utilized by the Louisville Municipal School District contained rather standard provisions requiring the leaseholder to exercise the hunting and fishing privileges in a manner that would not disturb the quiet enjoyment of adjoining landowners, and not to engage in or permit any unlawful activity, litter, dumping, etc. on the leased premises. In the present case, there were no allegations or indications of any misuse or abuse of the leased land, nor any mention of any breach of the contract by Prisock, so there was no legitimate basis for the Board to deny him the right to extend his lease.