968 So.2d 506 (2007)
Ransom JONES, Clark Stewart, Sali Westmoreland, Mike Westmoreland, Tim Stewart, Nick Crutcher, Mitch Doze and Michelle Doze d/b/a Mobile Hill Hunting Club, Appellants
v.
GREENE COUNTY BOARD OF EDUCATION, Appellee.
No. 2006-CA-00463-COA.
Court of Appeals of Mississippi.
April 3, 2007.
Rehearing Denied August 14, 2007.
*507 Charles O. Jones, Jackson, attorney for appellants.
Ryan Robertson Sadler, David Earl Rozier, Jackson, attorneys for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. The Greene County Circuit Court denied the petition for a writ of certiorari from the Mobile Hill Hunting Club regarding the grant of an easement by the Greene County Board of Education to Ted Rounsaville. The circuit court further denied a motion to reconsider the denial of certiorari. Aggrieved, Mobile Hill Hunting Club asserts the following issues on appeal:
I. Whether the Greene County Circuit Court had jurisdiction to hear an appeal of the decision by the Greene County Board of Education to grant an easement.
II. Whether the circuit court, assuming it lacked jurisdiction, should have transferred the case to chancery court instead of dismissing it.
III. Whether the circuit court erred in not applying Rule 5.03 of the Uniform Circuit and County Court Rules.
IV. Whether the Greene County Board of Education had authority to grant an easement across Sixteenth Section land.
V. Whether the Greene County Board of Education had the authority to prohibit a certified court reporter from recording the board meeting.
Finding no error, we affirm.

FACTS
¶ 2. On January 18, 2005, the appellants, known as Mobile Hill Hunting Club, entered an agreement to lease certain sixteenth section land from the Greene County Board of Education. In October 2005 Ted Rounsaville requested an easement *508 from the board of education across the land leased to the Hunting Club. The issue came before the Greene County Board of Education in November, but the Board continued it until December 12, 2005, at which point the Board granted the easement to Rounsaville.
¶ 3. In response to the Board's grant of the easement, the Hunting Club petitioned the Greene County Circuit Court for a writ of certiorari on January 25, 2006. The circuit court denied the petition on February 9, stating it lacked jurisdiction over the matter. The Hunting Club then filed a motion to reconsider with the circuit court. However, the court denied this motion, again stating it lacked jurisdiction. Aggrieved, the Hunting Club appeals.

STANDARD OF REVIEW
¶ 4. Jurisdiction is a matter of law, and this Court will apply a de novo standard when reviewing a matter of law. Entergy Miss., Inc. v. Burdette Gin Co., 726 So.2d 1202, 1204-05(¶ 5) (Miss.1998).

ISSUES AND ANALYSIS
I. Whether the Greene County Circuit Court had jurisdiction to hear an appeal of the decision by the Greene County Board of Education to grant an easement.
¶ 5. The Mobile Hill Hunting Club contends that jurisdiction was proper in the Greene County Circuit Court for its appeal of the Greene County Board of Education's decision. The Hunting Club asserts that the school board's decision to grant an easement was a judicial act, and not an administrative act; therefore, the court should not have denied the petition for a writ of certiorari.
¶ 6. The circuit court relied on Anderson v. Franklin County Sch. Bd., 164 Miss. 646, 647-48, 146 So. 134, 134 (1933), which held that an appellant may not remove to circuit court, by writ of certiorari, an act of an inferior tribunal that is administrative or legislative in nature. Id. Conversely, a circuit court may only review an act of an inferior tribunal that is judicial or quasi-judicial in nature. Mabray v. Sch. Bd. of Carroll County, 162 Miss. 632, 635, 137 So. 105, 105-06 (1931). The court went on to point out that a legislative act is one which provides what is to be done in the future, while a judicial act determines what the law is or what rights the parties possess. Id. at 636, 137 So. 105. An act that is not clearly judicial is either administrative or legislative. Id.
¶ 7. Based on the above reasoning, jurisdiction is proper in the circuit court if the decision by the school board was judicial, but the court may not hear the case if the school board acted administratively or legislatively when it granted the easement to Rounsaville.
¶ 8. In arguing the school board acted in a judicial manner, the Hunting Club compared the grant of an easement to Rounsaville to a decision of the special court of eminent domain, created by Mississippi Code Annotated section 65-7-201 (Rev.2005). We do not agree with this comparison, however. The court of eminent domain sits to decide the rights of the distinct parties before it. On the other hand, the Greene County Board of Education, in the present case, decided to grant an easement across land for which it had responsibility to manage and make such decisions. In granting the easement the school board acted in an administrative capacity by managing its affairs and not in a judicial capacity by deciding the rights of parties. While the Hunting Club was the leaseholder of the land over which the school board granted the easement, the lease agreement expressly stated that the Hunting Club accepted the land "subject *509 to any and all easements . . . or to any such agreements that may hereafter be granted from time to time to others by LESSOR."
¶ 9. By granting the lease, the school board was administering land over which it had authority. It was not sitting in a judicial capacity to decide which party had better claim to make use of the land. In addition to its authority over the land, the lease agreement with the Hunting Club specifically provided for a situation in which the Board would grant such an easement. Ultimately, the Board was acting in an administrative capacity when it granted the easement and not acting judicially. Since the circuit court may only review a judicial decision of an administrative agency, we find that the circuit court properly denied certiorari. Thus, this issue is without merit.
II. Whether the circuit court should have transferred the case to chancery court instead of dismissing it.
¶ 10. The Hunting Club alleges that, if the circuit court did lack jurisdiction, it should have transferred the petition for writ of certiorari to the chancery court. In support of this, the Hunting Club cites Prisock v. Perkins, 735 So.2d 440, 443(¶ 18) (Miss.1999) for the proposition that chancery court has jurisdiction to review an administrative agency's decision. In Prisock, the supreme court reversed the circuit court's dismissal of an injunction for lack of jurisdiction and ordered it remanded to chancery court. Id. The court specifically found that an injunction was the proper means of reviewing the school board's decision. Id. This is distinguishable from the present case, in which the Hunting Club filed a petition for a writ certiorari to review a school board's decision.
¶ 11. In Charter Medical Corp. v. Miss. Health Planning & Dev. Agency, 362 So.2d 180, 182 (Miss.1978) (citing Bd. of Veterinary Exam'rs v. Sistrunk, 218 Miss. 342, 347, 67 So.2d 378, 380 (1953)), which Prisock cites for its position, the court specifically finds that "an appeal by certiorari would not be adequate" to review a school board's decision to grant a license. In cases in which a circuit court has lacked jurisdiction over a school board decision, the supreme court has either affirmed the denial of certiorari or reversed a grant of certiorari. See Mabray, 162 Miss. at 632, 137 So. at 105 (affirming dismissal of petition for certiorari); Cumberland Tel. & Tel. Co. v. State, 135 Miss. 835, 100 So. 378 (1924) (reversing grant of certiorari and dismissing case); Bd. of Sup'rs v. Melton, 123 Miss. 615, 86 So. 369, (1920) (reversing grant of certiorari and dismissing case).
¶ 12. The Greene County Circuit Court properly denied certiorari for lack of jurisdiction, and it was not in error in failing to transfer the matter to chancery court. The proper remedy for the Hunting Club would have been to file for an injunction in the Greene County Chancery Court, which would have allowed the case to be heard on the merits. This issue is without merit.
III. Whether the circuit court erred in not applying Rule 5.03 of the Uniform Circuit and County Court Rules.
IV. Whether the Greene County Board of Education had authority to grant an easement across Sixteenth Section Land.
V. Whether the Greene County Board of Education had the authority to prohibit a certified court reporter from recording the board meeting.
¶ 13. Since the circuit lacked jurisdiction, it did not make any findings in its *510 denial of certiorari on the remaining issues presented by the Hunting Club. This Court will not address these matters now as they are not ripe for review.
¶ 14. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.