# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-00736-SCT

*CHARLOTTE PERKINS*

*v.*

*MISSISSIPPI DEPARTMENT OF HUMAN
SERVICES*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/05/2013 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| TRIAL COURT ATTORNEYS: | ALEXANDER J. SIMPSON, III |
| | COURTNEY A. SCHLOEMER |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALEXANDER J. SIMPSON, III |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: GRETA D. MACK HARRIS |
| | DENITA N. SMITH |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 08/21/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., PIERCE AND COLEMAN, JJ.**

**PIERCE, JUSTICE, FOR THE COURT**:

¶1.    Charlotte Perkins appeals the Monroe County Circuit Court's decision to dismiss, for

lack of jurisdiction, her appeal to the circuit court claiming that the Mississippi Department

of Human Services (DHS) wrongly deprived her of receiving "food stamps" and that such

deprivation was the result of a DHS hearing in which Perkins was deprived of procedural

safeguards. As the circuit court found, no statutory authority creates a right of appeal to the

circuit court from an administrative decision by DHS regarding food-stamp qualification(s)

or disqualification(s). Accordingly, the circuit court was correct in dismissing the case for lack of jurisdiction. Mississippi caselaw provides, however, that where there is no statutory scheme for appeal from an agency decision and the injured party does not have a full, plain, complete and adequate remedy at law, the chancery court has jurisdiction for judicial review of the agency decision. Accordingly, we reverse this case and remand it with instructions to the circuit court to transfer the case to the Monroe County Chancery Court.

**FACTS**

¶2. On June 14, 2010, DHS held a hearing to determine if Perkins had committed an Intentional Program Violation (IPV) of the Supplemental Nutritional Assistance Program (SNAP). At the conclusion of the hearing, the hearing officer determined that Perkins should be disqualified from receiving SNAP benefits for a prescribed period of time.[1] Perkins thereafter filed a "Notice of Appeal" in the Monroe County Circuit Court alleging that her due process rights had been violated. Specifically, Perkins contended that DHS's decision was not supported by clear and convincing evidence as required by federal law and DHS

---

[1] The record does not disclose for what period of time Perkins was disqualified. In her brief to this Court, Perkins claims she was disqualified for three years. In its brief, the State does not say how long Perkins is disqualified. In Perkins's appeal to the circuit court, Perkins claimed she was permanently disqualified. In response to Perkins's appeal to the circuit court, the State said Perkins was disqualified for one year. The DHS decision, which Perkins attached as an exhibit to her appeal to the circuit court, reads as follows:

> It is the finding of the duly constituted hearing official that the household member [Perkins] has committed intentional program violation and shall be ineligible to participate in SNAP for 1 year for 1st violation, 2 [years] for 2nd violation, and permanently for 3rd.

2

should be enjoined from conducting any further administrative hearings in IPV cases until it demonstrates it is able to conduct such hearings properly, before an impartial hearing officer, with appropriate procedural safeguards in place to protect claimants' due process rights.

¶3. The circuit court issued an order on April 5, 2013, dismissing Perkins's appeal to the circuit court for lack of jurisdiction. The circuit court found that there is no specific statutory authority giving Perkins the right to appeal DHS's decision; thus, the court was without jurisdiction to consider the matter on appeal.

¶4. Perkins appeals to this Court with the following issue: Whether the circuit court erred by finding that it lacked jurisdiction to hear Perkins's appeal of her disqualification from the food-stamps program after an administrative finding that she was guilty of an IPV.

## DISCUSSION

¶5. We agree with the circuit court that there is no statutory mechanism in this state providing for judicial review of a DHS administrative decision regarding its food-stamp program or (SNAP). In *Charter Medical Corp. v. Mississippi Health Planning & Development Agency*, 362 So. 2d 180, 181 (Miss. 1978), we stated that, where there is no statutory scheme for appeal from an agency decision and the injured party does not have a full, plain, complete and adequate remedy at law, the chancery court has jurisdiction for judicial review of the agency decision. *Charter* relied on this Court's decision in *Board of Veterinary Examiners v. Sistrunk*, 218 Miss. 342, 347, 67 So. 2d 378, 380-81 (1953), where we held the following:

3

The statutes regulating the practice of veterinary medicine, surgery, and dentistry . . . have no statutory provision for judicial review of the actions of the board in exercising its licensing powers. In this respect it is similar to a number of other state agencies. An appeal by certiorari would not be adequate, since it is limited to a review of the legal sufficiency of the application and order refusing the license. An appeal by a petition for mandamus would not be sufficient, because the court could not review whether the board's action is supported by substantial evidence, but could only direct the board to act in some manner, either by granting or deInying the license. Hence a bill in chancery for a mandatory injunction is the only possible method by which appellee could obtain judicial review of the board's order to ascertain whether it is supported by substantial evidence, or is arbitrary, capricious, and unlawful.

¶6.    In *Prisock v. Perkins*, 735 So. 2d 440 (Miss. 1999), an unsuccessful bidder for a hunting and fishing lease appealed to the circuit court a school board's decision to award the lease to another bidder. The circuit court dismissed the appeal for lack of jurisdiction. This Court reversed the circuit court's dismissal, and we remanded the case to the circuit court with instructions that the case be transferred to chancery court pursuant to Article 6, Section 157 of the Mississippi Constitution.[2]  The *Prisock* Court reiterated that where there is no statutory scheme for judicial review of an agency's or board's decision, "and the injured party does not have a full, plain, complete and adequate remedy at law," the chancery court has jurisdiction of an original action for injunction to review the board or agency decision. *Id*. at 443 (citing *Charter*, 362 So. 2d at 181).

¶7.    Here, consistent with *Prisock*, *Charter*, and *Sistrunk*, because no statutory mechanism exists that provides for judicial review of the DHS's decision in this instance, and because

_____

    [2] "All causes that may be brought in the circuit court whereof the chancery court has exclusive jurisdiction shall be transferred to the chancery court." Miss. Const. art. 6, § 157.

4

Perkins lacks a complete and adequate remedy at law otherwise, the chancery court has jurisdiction to judicially review DHS's decision.

## CONCLUSION

¶8.     Accordingly, we reverse and remand this case to the Monroe County Circuit Court with instructions to transfer the case to the Monroe County Chancery Court pursuant to Section 157 of the Mississippi Constitution.

¶9.     **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR.**