# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01707-SCT

*PUBLIC EMPLOYEES' RETIREMENT SYSTEM AND MISSISSIPPI HIGHWAY SAFETY PATROL*

*v.*

*BRENDA LANGHAM*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/2/2001 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: RICKEY T. MOORE |
| ATTORNEY FOR APPELLEE: | DEMPSEY LADNER |
| NATURE OF THE CASE: | CIVIL -OTHER |
| DISPOSITION: | ON DIRECT APPEAL: AFFIRMED. ON |
| | CROSS-APPEAL: AFFIRMED IN PART AND REVERSED AND REMANDED IN PART- 04/04/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/25/2002 |

## BEFORE McRAE, P.J., DIAZ AND CARLSON, JJ.

### McRAE, PRESIDING JUSTICE, FOR THE COURT:

¶1. Brenda Langham, widow of a highway patrolman killed in the line of duty in 1981, sued the Mississippi Highway Safety Patrol Retirement System ("Patrol") and the Public Employees' Retirement System ("PERS"), which only administered the Patrol's retirement system, in chancery court for increased survivor benefits based on a 1989 change in the law. The Patrol, in accordance with the 1989 law, eventually paid a portion of the increased benefits to Langham, but did not give her children any benefits. The chancellor held that Langham and her children (her deceased husband's stepchildren) were entitled to certain benefits. The Patrol and PERS [1] appeal the chancery court's decision. Langham cross-appeals regarding the amount of interest to which she is entitled. We find that the chancellor's decision should be upheld as to the issues of failure to exhaust administrative remedies, res judicata, collateral estoppel, statute of limitations, the granting

of the benefits per Senate Bill 2694, and children benefits, and interest. However, we reverse his decision on the cross-appeal regarding the amount of interest on the unpaid benefits as per Miss. Code Ann. § 75-17-1 (2000).

## FACTS

¶2. Billy Langham, a Mississippi highway patrolman, was killed in the line of duty on December 31, 1981. Brenda Langham, his widow, and her two children from a previous marriage lived with Billy Langham. The deceased was in the process of adopting Langham's children at the time of his death. In February 1982, Mrs. Langham filled-out an application for survivor benefits. Her children were not listed as dependents because they were not natural children of her husband. Langham's application was approved by PERS, and she began receiving benefits of $151.07 per month in April of 1982. By 1990, Langham's benefits had increased to about $250.00 per month.

¶3. In 1997, Langham became aware of Senate Bill 2694, which amended Miss. Code Ann. § 25-13-13 and increased the benefits available to widows of highway patrolmen killed in the line of duty, and she submitted an application for said increased benefits. As the result of an Attorney General's opinion issued on August 1, 1997, PERS recalculated Langham's spousal benefits from July 1, 1989, forward. Langham received a check in the amount of $54,684.79. The parties disagree as to whether this amount covers through July 1997 or July 1998. In September 1997, Langham wrote to PERS asking for benefits for her children (the stepchildren of the deceased), interest on unpaid benefits and a recalculation based on the four highest years versus the five highest years of salary. PERS denied these requests for and on behalf of the Patrol. The Chancery Court of Covington County granted Langham's requests in a Judgment dated September 11, 2000. The Patrol appealed this decision, and Langham filed a cross-appeal.

## STATEMENT OF THE ISSUES

**I. Whether the trial court erred by failing to dismiss this case as being barred by failure to exhaust administrative remedies, res judicata or collateral estoppel.**

**II. Whether the trial court erred by failing to dismiss Langham's claims as being barred by the applicable statute of limitations.**

**III. Whether the trial court erred by holding that Senate Bill 2694 has retroactive application.**

**IV. Whether the trial court erred by holding that unadopted stepchildren are contemplated beneficiaries under the statutes at issue.**

**V. Whether the trial court erred by holding that Langham was entitled to interest on unpaid benefits.**

**VI. Whether the trial court erred by not declaring that Langham was entitled to the income or earnings on unpaid benefits that the retirement system actually received from the time of accrual of each benefit until the time of its payment.**

## DISCUSSION

**I. Whether the trial court erred by failing to dismiss this case as being barred by failure to exhaust administrative remedies, res judicata or collateral estoppel.**

¶4. The Patrol alleges that the trial court was wrong in holding that the statutes governing PERS, specifically Miss. Code Ann. § 25-11-120 (1999), were inapplicable in this case. As a result Langham was not required to utilize the prescribed statutory plan for administrative review and judicial appeal regarding her grievances. The Patrol maintains that had Langham been required to abide by the statutes pertaining to PERS, this action would have been barred by failure to exhaust administrative remedies, collateral estoppel or res judicata.

¶5. The Patrol and PERS are completely separate retirement systems, each with their own administrative board. The Public Employees' Retirement System (PERS) was set up under Miss. Code Ann. § 25-11-120. The Patrol was specifically set up to provide a separate retirement system for the highway safety patrol and its administration board is the decision making body. 1958 Miss. Laws ch. 543. The Patrol has PERS carry out its decisions and administer the plan. It is very clear from this that, there being no statutory scheme for an administrative appeal, Miss. Code Ann. § 25-11-120 would not apply in this situation and the trial court's decision was correct in this regard.

¶6. The Patrol argues that it is an inferior tribunal within the meaning of Miss. Code Ann. § 11-51-95 (Supp. 2001), whose judgment may be reviewed by certiorari. *See Gill v. Miss. Dep't of Wildlife Conservation,* 574 So.2d 586 (Miss. 1990). However, we have previously held that when there is not a statutory plan for appeal from a state board or agency's decision and the aggrieved party does not have an adequate remedy at law, jurisdiction to review of the board or agency's decision lies with the chancery court. *Priscock v. Perkins,* 735 So.2d 440, 443 (Miss. 1999); *Charter Med. Corp. v. Miss. Health Planning & Dev. Agency,* 362 So.2d 180, 181 (Miss. 1978).

¶7. In submitting a writ of certiorari under § 11-51-95, a record of the proceedings and decision of the inferior tribunal must be included for review by the circuit court. There was no record, judgment or decision in this case. The Patrol does not even require that the aggrieved be allowed to meet with its administrative board to create a record which can be reviewed. After meeting with the administrative board of the Patrol at least twice and meeting with and/or corresponding with other people connected to the board, no final administrative decision was communicated to Langham. Given the facts presented here, Langham gave the Patrol the opportunity to render a decision, but as such decision was never made, she properly chose to file suit in chancery court. The issues of failure to exhaust administrative remedies, collateral estoppel or res judicata are moot since the PERS statutes do not apply in this case, and Langham duly brought suit to resolve her grievances. The finding of the trial court regarding this issue is affirmed.

**II. Whether the trial court erred by failing to dismiss Langham's claims as being barred by the applicable statute of limitations.**

¶8. The Patrol contends that in a situation such as this where there is no set statute of limitations, Miss. Code Ann. § 15-1-49 (1995) establishes a three-year "catch-all" statute of limitations. Miss. Code Ann. § 15-1-51 (1995) states that the statute starts to run "in favor of the state, . . . when the plaintiff first had the right to demand payment . . ." Following this logic, it is apparent that Langham's claims would be barred since she first could have demanded payment in 1989.

¶9. However, there are a couple of theories which lend credence to Langham's belief in a ten-year statute

of limitations. Langham's first argument is that Patrol's retirement system is a trust as per 26 U.S.C. § 401(a) of the federal tax laws, and as such is subject to a ten-year statute of limitations under Miss. Code Ann. § 15-1-39 (1995). Langham also cites *Monroe County Bd. of Educ. v. Rye,* 521 So.2d 900, 908 (Miss. 1988) which held that the state and its political subdivisions, under the proper circumstances, may be equitably estopped.

¶10. The second theory is the strongest. In 1990, the Patrol automatically increased Langham's benefits pursuant to a previous statutory amendment. She did not have to submit a supplemental application or otherwise lift a finger to obtain the increase in benefits. Langham avers that Patrol, having greater knowledge about its retirement system and having formerly aided her in obtaining benefits and increases under the system, had a duty to inform her of the July 1989 increase in survivor benefits. Having not been told otherwise, Langham could reasonably believe that the Patrol would always inform her of any change in her benefits. Indeed, it seems that the Patrol had made it its duty at one point to give any increase in benefits to survivors and it certainly would have notified survivors of any decrease in their benefits. If it is true that the Patrol has undertaken a duty, equitable estoppel would prevent the running of the statute of limitations from hindering Langham in her attempt to receive the statutory benefits increases.

¶11. The decision of the trial court is affirmed as to the statute of limitations.

### III. Whether the trial court erred by holding that Senate Bill 2694 has retroactive application.

¶12. The purpose of Senate Bill 2694 was to increase survivor benefits to the spouse and/or dependent children of an active member of the highway patrol who was killed in the line of duty. This bill was adopted in 1989 and is codified at Miss. Code Ann. § 25-13-13. Subsection (4) of the statute states that the widow and children of any highway patrolman killed in the line of duty "shall be entitled to the retirement benefits provided for herein, which benefits shall accrue from and after May 5, 1976, and upon application of the widow." As the result of an Attorney General's opinion issued on August 1, 1997, PERS was directed to recalculate Langham's spousal benefits from July 1, 1989, forward. The trial court's opinion went even further and held that Langham was entitled to this increase in benefits from the date of her initial application in February 1982, until such time as she may become disqualified by law. The Patrol avers that the trial court erred as this statute was not intended to be retroactively applied.

¶13. In the absence of a clear and positive statement by the Legislature manifesting the intent to apply Senate Bill 2694 retrospectively, we are required to interpret Miss. Code Ann. § 25-13-13 prospectively. *Cole v. Nat'l Life Ins. Co.,* 549 So.2d 1301, 1305 (Miss. 1989). When taking the subject statute as a whole, it is clear that Langham would be entitled to the increased benefits as of July 1989, even without including the language of subsection (4). Therefore, it follows that subsection (4) was only included by the Legislature in order to clearly and positively provide for increased benefits to relate back to May 5, 1976. This Court affirms the trial court's ruling allowing Langham's increased benefits to retroactive to the date of her initial application in February 1982.

### IV. Whether the trial court erred by holding that unadopted stepchildren are contemplated beneficiaries under the statutes at issue.

¶14. It is undisputed that, when Officer Langham was killed, he had two natural children and two stepchildren (Mrs. Langham's children), all of whom lived with the Langhams. Though the deceased had

taken steps to legally adopt Langham's children, no adoption had been completed at the time of his death. Senate Bill 2694 (codified in Miss. Code Ann. § 25-13-13) limits payment of benefits to "dependent children" of an officer killed in the line of duty. However, "children" is undefined as per the highway patrol retirement system.

¶15. Miss. Code Ann. § 25-13-1 states that the Patrol was "designed to provide more liberal benefits for the highway safety patrolmen" than those set out in the statutes relating to PERS. Miss. Code Ann. § 25-11-103(j), applying to PERS, defines "child" as a natural child of the member, a child that has been adopted by the member prior to his death, or **a child under the permanent care of the member at the time of his death**. Langham's children were inarguably under the care of the deceased. Accordingly, Langham asks for the meaning of "dependent children" to be liberally construed in order to allow her children to collect said benefits.

¶16. We find that at the very least, in keeping with the liberal policies for which the Patrol was instituted, its definition of "children" should encompass the above definition. The trial court was correct in finding that the stepchildren of the deceased were "children" under Miss. Code Ann. § 25-13-13, thereby allowing them to receive benefits.

> ### V. Whether the trial court erred by holding that Langham was entitled to interest on unpaid benefits.

> ### VI. Whether the trial court erred by not declaring that Langham was entitled to the income or earnings on unpaid benefits that the retirement system actually received from the time of accrual of each benefit until the time of its payment.

¶17. The Patrol appealed the trial court's order giving interest on the unpaid benefits to Langham. Langham cross-appealed and asserted that she was entitled to the income or earnings on unpaid benefits that the retirement system earned by failing to pay her benefits in a timely manner, or in the alternative that she should have been awarded interest on the unpaid benefits at a rate of 8% per annum rather than 6% as held by the trial court judge. We decline to award her any income or earnings on the unpaid benefits as there is no authority, law or precedent of any type in Mississippi requiring or allowing for the payment of such income or earnings.

¶18. Regarding the payment of interest, the Patrol first states that there is nothing authorizing it to pay interest on late payments. Later, it contradicts itself by saying that had the Legislature intended for earnings on unpaid benefits to be awarded, it would not have enacted Miss. Code Ann. § 75-17-7 (2000). Regardless of the Patrol's argument against interest payments, the trial court found interest to be appropriate in this case, and we agree.

¶19. There is also a question regarding when the interest should begin to accrue. Miss. Code Ann. § 75-17-7 sets out the limited instances in which a claimant has a right to prejudgment interest. The relevant section reads as follows:

> All judgments or decrees on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at the per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair, but in no event prior to the filing of the complaint.

*Id*. Langham believes that interest should accrue as of the date of the filing of the complaint. The Patrol submits that any award of interest should not accrue prior to the date of judgment in the trial court.

¶20. The Patrol argues that Langham's eight-year wait to apply for the increased benefits after she became eligible for them constitutes laches and would defeat any claim for interest. Regarding the doctrine of laches, we have held that where a claim has not yet been barred by the applicable statute of limitations, laches does not apply. *Clanton v. Hathorn,* 600 So.2d 963, 966 (Miss. 1992); *West End Corp. v. Royals,* 450 So.2d 420, 425 (Miss. 1984). We agree with the trial court's decision, and it follows that the defense of laches is not applicable in this situation.

¶21. The Patrol also contends that the trial court erred in awarding interest because the retrospective application of Senate Bill 2694 is invalid as an ex post facto law. The constitutional prohibition against ex post facto laws was not raised at the trial level, and this Court can only look at what is in the record-meaning, no new arguments can be brought up on appeal. Therefore, we are not required to address this issue.

¶22. The parties' arguments notwithstanding, § 75-17-7 states that it is up to the judge to fairly determine the date from which interest shall accrue.

¶23. As for the rate at which interest should be paid, § 75-17-1 states that the "legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum[.]" The trial court judge's order of six percent is clearly at odds with the statutorily prescribed amount and thus should be reversed and remanded so that the judge can reform his order to comply with the statute.

¶24. We therefore affirm the trial court's award of interest, but we reverse as to the interest rate.

## CONCLUSION

¶25. This case was properly brought within the applicable statute of limitations and should not have been barred for any reason. Langham is entitled to increased benefits relating back to the submission of her first application for benefits. For the purposes of the statutes at issue, Langham's children qualify for benefits even though they are not the natural or adopted children of the deceased. The judgment of the chancery court is hereby affirmed as to all issues except the interest rate, but the judgment is reversed as to the interest rate and this case is remanded for further interest calculations and reformation of the judgment using an annual interest rate of 8% as per Miss. Code Ann. § 75-17-1.

¶26. **ON DIRECT APPEAL: AFFIRMED. ON CROSS-APPEAL: AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

> **DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. PITTMAN, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, P.J., WALLER, COBB, JJ.**
>
> **PITTMAN, CHIEF JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶27. While I disagree with only one issue the majority addresses, the issue is dispositive of the claim of Mrs. Langham's children. The chancellor and the majority read the statute governing compensation to children too broadly under these facts, and I disagree with the conclusion they reach. The majority notes that Miss.

Code Ann. § 25-13-13 limits the payments of benefits to "dependent children" but then proceeds to say that, since the term "children" is not defined in the statute, it should be interpreted broadly to include Brenda Langham's children from her prior marriage.

¶28. While "children" may not be fully defined, "dependent children" in and of itself is at least a partial definition. The majority notes that the children have not been adopted, even though Officer Langham had taken steps to do so. The record indicates the children's natural father was paying $150.00 per month ($75.00 per child) in child support when Officer Langham was killed. Although the children lived under the same roof as Langham, that alone does not make them "dependent" upon him for support. The majority's attempt to draw an analogy between the PERS system of retirement to the Highway Patrol system, even after taking such large steps to distinguish the two, holds no water because the two are indeed separate with their own limitations on who can receive benefits. I do not see how, under the circumstances, Langham's children are considered "dependent." It is a reasonable assumption that they were not listed as beneficiaries on the original application for benefits not only because they are not the natural children of Officer Langham, but also because they were not his "dependent" children. I concur in the majority's judgment as to Mrs. Langham, but I would reverse the judgment below as to the children of Mrs. Langham and render judgment for the Patrol and PERS on their claim. Therefore, I respectfully concur in part and dissent in part.

### SMITH, P.J., WALLER AND COBB, JJ., JOIN THIS OPINION.

1. PERS was dismissed from the case since it agreed to pay Langham whatever amount the Patrol decided she was entitled. The only appellant is the Mississippi Highway Safety Patrol System ("Patrol").