# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-01780-SCT

*MISSISSIPPI TRANSPORTATION COMMISSION*

*v.*

*ENGINEERING ASSOCIATES, A DIVISION OF PICKERING FIRM, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/2007 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES H. ISONHOOD |
| | LAWRENCE ARTHUR SCHEMMEL |
| ATTORNEYS FOR APPELLEE: | MARK D. HERBERT |
| | KEVIN ALAN CROFT |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 06/10/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. The Mississippi Transportation Commission rescinded a memorandum of understanding between Engineering Associates, Inc., and the City of Meridian. EAI appealed that decision to the circuit court, which found MTC's decision to be arbitrary and capricious. Following the Court of Appeals' affirmance, MTC petitioned this Court for writ of certiorari. Finding that the circuit court lacked appellate jurisdiction over this action, we reverse and render.

# FACTS

¶2.     We quote the following facts from the Court of Appeals' decision:

> In early 2002, the City [of Meridian] and the MTC entered into a memorandum of understanding ("MOU") to develop a new highway interchange over Interstate 20 to service Meridian's industrial park. The MOU authorized the City, subject to the MTC's approval, to select an engineering firm to prepare preliminary and final plans and an environmental impact statement.
>
> In December 2002, the City selected EAI [Engineering Associates, Inc.] for the design work and environmental study on the interchange. On March 8, 2005, the MTC voted to rescind the MOU with the City and select another engineering firm . . . . EAI appealed the decision of the MTC, which rescinded the MOU, to the Circuit Court of Hinds County and filed a bill of exceptions. The MTC filed a motion to dismiss, arguing that EAI failed to obtain a writ of certiorari to proceed with its appeal. The circuit court denied the motion to dismiss and entered an order finding the action of the MTC to be arbitrary and capricious and lacking substantial evidence.

*Miss. Transp. Comm'n v. Eng'g Assocs., Inc.*, 2009 WL 1299095, *1 (Miss. Ct. App. May 12, 2009).

# DISCUSSION

¶3.     This Court applies a de novo standard of review to jurisdictional issues. *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So. 2d 668, 670 (Miss. 1994).

¶4.     Under our state constitution, "[t]he circuit court shall have jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and *such appellate jurisdiction as shall be prescribed by law*." Miss. Const. art. 6, § 156 (emphasis added). We have held that the "'circuit court has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefore.'"

2

*Casino Magic Corp. v. Ladner*, 666 So. 2d 452, 456 (Miss. 1995) (quoting *Bickham v. Dep't of Mental Health*, 592 So. 2d 96, 97 (Miss. 1991)).  Thus, in this case, the appellate jurisdiction of the circuit court is limited to that "prescribed by law." Miss. Const. art. 6, § 156.  It is undisputed that the Legislature has not provided a procedure for judicial review of a decision of the MTC, so we look further to determine whether any statutory vehicle exists for judicial review of this dispute.

¶5.     Mississippi Code Section 11-51-75 provides for an appeal from a decision of a board of supervisors or a municipal authority through a bill of exceptions (the procedure employed by EAI in this case).  Miss. Code Ann. § 11-51-75 (Rev. 2002).  This statute clearly is not applicable in this case, as the plain language of the statute is limited to a review of decisions of boards of supervisors and municipal authorities.  Miss. Code Ann. § 11-51-75 (Rev. 2002).

¶6.     Additionally, we have reviewed Mississippi Code Section 11-51-95, which provides for appeals from "judgments of all tribunals inferior to the circuit court" through a writ of certiorari. Miss. Code Ann. § 11-51-95 (Rev. 2002).  The Court of Appeals correctly held that EAI could not use this statute to appeal MTC's decision, as the decision was not judicial or quasi-judicial in nature.  *Miss. Transp. Comm'n v. Eng'g Assocs., Inc.*, 2009 WL 1299095, *2 (Miss. Ct. App. May 12, 2009).  As noted by the Court of Appeals, this dispute arose from a MTC decision, which was "purely administrative" in nature.  *Id.*

¶7.     After examining the preceding statutes, we find that neither Section 11-51-75 nor Section 11-51-95 can be used by EAI to seek appellate review of this administrative decision

3

by MTC. We now turn to EAI's argument that there is a nonstatutory avenue for appealing MTC's decision.

¶8. EAI argues that the circuit court acquired jurisdiction of this action under Rule 5.03 of the Mississippi Uniform Rules of Circuit and County Court. EAI also argues that "a court" has jurisdiction to review an agency's decision in the absence of a specific statutory appeals process. Rule 5.03 provides:

> On appeals from administrative agencies the court will only entertain an appeal to determine if the order or judgment of the lower authority:
>
> 1. Was supported by substantial evidence; or
> 2. Was arbitrary and capricious; or
> 3. Was beyond the power of the lower authority to make; or
> 4. Violated some statutory or constitutional right of the complaining party.

URCCC 5.03. We quickly reject EAI's argument, as this rule does not confer jurisdiction over appeals but rather provides for the "Scope of Appeals from Administrative Agencies," i.e., the standard of review.

¶9. Further, EAI erroneously relies on *Tucker v. Prisock*, 791 So. 2d 190, 191-92 (Miss. 2001), and *Charter Medical Corp. v. Mississippi Health Planning and Development Agency*, 362 So. 2d 180, 182 (Miss. 1978), for its argument that "a court" always has appellate jurisdiction over an agency's decision, despite the lack of a statutory appeals process. But these cases provide the rule that an action for an *injunction* will lie in *chancery court* where there is no statutory right to an appeal from a state board or agency's decision, and the aggrieved party *does not have an adequate remedy at law*. *Tucker*, 791 So. 2d at 191-92;

4

*Charter Med. Corp.*, 362 So. 2d at 182. Considering the arguments presented by EAI, we find that EAI did have an adequate remedy at law. Without a statutory right of appeal, any review of MTC's decision could be sought only through an independent action. Based on the foregoing, we find the circuit court lacked jurisdiction over EAI's appeal and accordingly, the decision of the circuit court is reversed and rendered.

## CONCLUSION

¶10.    We granted certiorari to clarify the jurisdictional issue presented to the Court of Appeals. We find the circuit court erred in failing to dismiss this action. We further find the Court of Appeals erred in finding that the circuit court had jurisdiction over an appeal of MTC's administrative decision. Therefore, we reverse the decision of the Court of Appeals and reverse and render the decision of the trial court.

¶11.    **REVERSED AND RENDERED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**