CHANDLER, Justice,
dissenting:
¶ 24. Because this Court lacks jurisdiction to review the merits of this appeal, I respectfully dissent. The State Board of Election Commissioners removed West-brooks’s name from the ballot upon a finding that she had not met the residency requirements to qualify her as a candidate for the Court of Appeals. Westbrooks appealed to the circuit court from the decision of the State Board of Election Commissioners pursuant to Mississippi Code Section 23-15-963. Section 23-15-963(5) provides:
The circuit court with whom such a petition for judicial review has been filed shall at the earliest possible date set the matter for hearing. Notice shall be given the interested parties of the time set for hearing by the circuit clerk. The hearing before the circuit court shall be *136 de novo. The matter shall be tried to the circuit judge, without a jury. After hearing the evidence, the circuit judge shall determine whether the candidate whose qualifications have been challenged is legally qualified to have his name placed upon the ballot in question. The circuit judge may, upon disqualification of any such candidate, order that such candidate shall bear the court costs of the proceedings.
Miss.Code Ann. § 23-15-968(5) (Rev.2007).
¶ 25. Section 23-15-963 did not provide a right of appeal to Westbrooks. Section 23-15963(1) states “[a]ny person desiring to contest the qualifications of another person who has qualified pursuant to the provisions of Section 23-15-359, Mississippi Code of 1972, as a candidate for any office elected at a general election, shall file a petition specifically setting forth the grounds of the challenge.... ” Section 23-15-963(7) states “[t]he procedures set forth above shall be the sole and only manner in which the qualifications of a candidate seeking public office who qualified, pursuant to the provisions of Section 23-15-359, Mississippi Code of 1972, may be challenged prior to the time of his election.” The statute provides a mechanism for challenging the qualifications of only those candidates who qualified pursuant to Section 23-15-359.
¶26. Section 23-15-359 states that it “shall not apply to municipal elections or to the election of the offices of justice of the Supreme Court, judge of the Court of Appeals, circuit judge, chancellor, county court judge and family court judge.” Miss.Code Ann. § 23-15359(6) (emphasis added). As a Court of Appeals candidate, Westbrooks did not qualify “pursuant to the provisions of Section 23-15-359.” Therefore, her qualifications as a candidate in the general election cannot be challenged according to the procedure promulgated in Section 23-15-963.
¶ 27. No statutory procedure afforded Westbrooks an appeal. In Prisock v. Perkins, 735 So.2d 440, 442 (Miss.1999), Prisock appealed to the circuit court from a school board’s order pursuant to a certain statute. This Court determined that the statute did not apply and there was no statutory mechanism that permitted the appeal to circuit court. Id. at 443. We reversed and remanded for a transfer to chancery court. We held that:
[Wjhere there is no statutory scheme for appeal from a decision of a state board or agency and the injured party does not have a full, plain, complete and adequate remedy at law, the chancery court has jurisdiction for judicial review of the board or agency decision. Here there is no statutory scheme for appealing the school board’s decision awarding a hunting and fishing lease, and Prisock lacks a complete and adequate remedy at law. Therefore, the chancery court would have jurisdiction of an original action for injunction to judicially review the school board’s decision. Accordingly, we will not reach the additional issues raised by this appeal. Instead, we reverse and remand this case to the Winston County Circuit Court with instructions to transfer the case to the Winston County Chancery Court pursuant to Miss. Const. Art. 6, § 157.
Id. The standard of review to be applied is whether the action of the Board was “(1) supported by substantial evidence; (2) arbitrary or capricious; (3) beyond the agency’s scope or powers; or (4) in violation of some constitutional or statutory rights of the complaining party.” Tucker v. Prisock, 791 So.2d 190, 192 (Miss.2001).
¶ 28. In the strikingly similar case of Mississippi Transportation Commission v. Engineering Associates, 39 So.3d 1, 2 *137 (Miss.2010), Engineering Associates appealed the decision of the Mississippi Transportation Commission to the circuit court. It was undisputed that there was no statute that allowed an appeal of the decision of the Mississippi Transportation Commission. Id. Under these circumstances, this Court held that Engineering Associates should have filed an action for an injunction in the chancery court. Id. at 3. Justice Lamar, writing for the unanimous Court, held that “[wjithout a statutory right of appeal, any review of MTC’s decision could be sought only through an independent action. Based on the foregoing, we find the circuit court lacked jurisdiction over EAI’s appeal and accordingly, the decision of the circuit court is reversed and rendered.” Id.
¶ 29. Because no statutory procedure afforded Westbrooks an appeal, West-brooks should have filed a petition for an injunction in the chancery court. The majority finds that, under Article 6, Section 147 of the Mississippi Constitution, this Court may decide the merits of this appeal, because a case cannot be reversed on the ground that the wrong court decided the case. Article 6, Section 147 states, in its entirety:
No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.
Miss. Const, art. 6, § 147 (emphasis added). The error in this case extends beyond filing the case in the wrong court. Under Section 23-15-963, the circuit court is to afford the appellant a de novo hearing. Miss.Code Ann. § 23-15-963(5) (Rev. 2007). But on a petition for an injunction, the chancery court may determine only if the Board’s decision was supported by substantial evidence, was arbitrary and capricious, was beyond the agency’s scope or power, or was in violation of a statutory or constitutional right of a complaining party. Tucker, 791 So.2d at 192.
¶ 30. Because Section 23-15-963 did not apply, Westbrooks was not entitled to de novo review of the Board’s decision. This Court lacks jurisdiction to review this appeal of the circuit court’s decision on the merits. This Court may reverse and remand for a transfer to the appropriate court if there is error in the proceedings other than jurisdiction. Miss. Const, art. 6, § 147. Accordingly, I would reverse the decision of the Circuit Court of Hinds County, First Judicial District, and remand this case with directions for the circuit court to transfer it to the Hinds County Chancery Court, First Judicial District. See Perkins, 735 So.2d at 442. Although this Court lacks jurisdiction over the merits, I believe Justice King’s analysis of the pertinent statutes is correct.
KITCHENS, J., JOINS THIS OPINION.